JAMES A. FINLAYSON, AS SHERIFF AND EX OFFICIO ADMINISTRATOR OF SILAS SMITH, DECEASED, AND HANNAH SMITH, PLAINTIFFS IN ERROR, vs. RICHARD LOVE, DEFENDANT IN ERROR.

EJECTMENT—REVIVOR OF SUIT—ADMINISTRATOR'S RELATIONSHIP TO HOMESTEAD.

1. Under the Florida constitution and laws an administrator can never take, or be entitled to take, possession of the homestead land of his intestate, or have any interest in or concern therewith, and is not a proper party to an ejectment suit brought to try the title to or recover possession thereof.

2. Under the provisions of section 1917, Revised Statutes, an administrator cannot as formerly, sue or defend in ejectment for the possession of land of which he has never been in possession or directed by a proper court to take posession.

3. Where a suit in ejectment is sought to be revived against the administrator of the sole defendant deceased, and such administrator contests the propriety of such revival against him as such administrator by a plea alleging the lands sued for to be the homestead of the deceased head of a family, and that he as administrator was not, and had never been, in possession thereof, such plea is not subject to a demurrer on the ground of presenting no defense to the suit, since it does legitimately contest the suggestion of revival of the suit as against such administrator, and if sustained by the facts should defeat such revivor.

4. Where the land sued for in an ejectment suit is the homestead of the sole defendant therein, who is the head of a family residing in this State, and such defendant dies pending the suit, such suit can not be revived against the administrator of such decedent, but such revivor to be effectual must be against the heirs at law of such decedent.

Writ of Error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the Court.

*Francis B. Carter*, for Plaintiff in Error;

*D. L. McKinnon*, for Defendant in Error.

Mr. Justice CARTER, being disqualified, took no part in the consideration of this case. It was referred by the Chief-Justice and Mr. Justice MABRY to Commissioner Hocker, and after being considered by him the following opinion was prepared by the court.

Finlayson, Sheriff, v. Love.—Opinion of Court.

PER CURIAM.

Defendant in error instituted a suit of ejectment against Silas Smith in the Circuit Court of Jackson county to recover possession of the N. W. 1-4 of the N. W. 1-4 of section 33, township 5 N. range 10 W. of Tallahassee meridian containing about forty acres.

To the declaration, besides the plea of not guilty the defendant Smith filed an equitable plea, to which there was interposed a demurrer. Subsequently plaintiff filed a suggestion of the death of defendant, Silas Smith, and also that James A. Finlayson, Sheriff of Jackson county had been appointed ex-officio administrator of his estate. Finlayson appeared and filed a plea as follows, *viz*: that the land described in plaintiff's declaration is less than one hundred and sixty acres; that the deceased Smith in his lifetime and at the time of his death was the head of a family, consisting of himself and wife who is still living; that said Smith, together with his wife, for many years prior to and at the time of his death actually resided upon the aforesaid land and it was the actual domicile, home and permanent place of abode of said Smith and his family at the time of his death, wherefore defendant submits that he is not a proper party defendant to the suit, and asks the judgment of the court whether he shall be compelled to plead further. A demurrer to this plea on the ground that it constitutes no defense to the action was sustained by the court. In the order sustaining the demurrer it was further directed that "Hannah Smith be made a party to this suit, and the said Hannah Smith being present in court in person and by counsel, and consenting to be made a party defendant, it is hereby ordered that she be made a party defendant

and be allowed to defend the same as if she had been an original party.

The demurrer to the equitable plea was then heard and sustained by the court, the order of the judge reciting that the defendants had adopted the pleas filed by Silas Smith in his lifetime.

A trial was had upon the plea of not guilty interposed by the original defendant, and a verdict rendered for plaintiff, upon which judgment was entered in his favor against James A. Finlayson, as sheriff and *ex-officio* administrator of Silas Smith, deceased, and Hannah Smith.

The verdict stated that plaintiff had a fee simple title in and to the land described, the same as in the declaration, and one cent mesne profits, and the judgment describes the same land and was for one cent mesne profits besides costs of suit, taxed at $11.71.

Assignments of error are based upon the rulings of the court sustaining the demurrers to the pleas and excluding certain evidence offered by defendants on the trial.

The court is of the opinion that it does not sufficiently appear from the record that necessary parties defendant were before the court to enable it to determine the questions sought to be adjudicated. The sole original defendant, Silas Smith, died, and plaintiff proposed to revive the suit against his administrator. The latter filed a plea which we construe as a defense to the suggestion to make him a defendant, and it thereby appears that his intestate, Silas Smith, was prior to and at the time of his death the head of a family residing on the land sued for, consisting of less than one hundred and sixty acres, situated in Jackson county, Florida, as his home and place of permanent abode. The land, according to the theory

of the plea, was the homestead of the intestate, Smith, and upon his death descended to his heirs at law exempt from his debts. The administrator could never take, or be entitled to take possession of the homestead land, or have any interest in, or concern therewith, and conceding it to be a homestead he could not be a proper party to an ejectment suit brought to try the title to or recover possession of the same. Baker v. State, 17 Fla. 406; Barco v. Fennell, 24 Fla. 378, 5 South. Rep. 9. As to land not a part of the homestead of a decedent the statute now in force provides that it shall be liable for his debts, but shall descend to the heir or devisee of such decedent and remain in his possession until the executor or administrator shall take possession of or sell the same, under the order of the court for the payment of debts, or until the same shall be sold under execution by a creditor of the decedent. Section 1917 Revised Statutes. Under this section an administrator can not as formerly sue or defend in ejectment for the possession of land of which he had never been in possession, or directed by a proper court to take possession. Rose v. Withers, 39 Fla. 460, 22 South. Rep. 724.

The order of the court sustaining the demurrer to the plea in resistance of the effort to make the administrator, Finlayson, a party defendant was erroneous on the ground stated. The plea was not intended and did not purport to be a defence of the action, but questioned the right to make the administrator a party to the action by revivor. If the facts contained in the plea be conceded to be true, or found to be true on proper issue and proceeding, the administrator was not only an unnecessary, but an improper party, as he was not authorized to represent the heirs at law of his intestate in reference to the land.

Hannah Smith was made a party defendant with Finlay-
son, the administrator, but in what capacity she was ad-
mitted to defend is not shown. Inferentially it appears
that she was the widow of the deceased, Silas Smith.
Whether the revivor was against her as sole heir of her
husband, which she could be in the absence of any chil-
dren, a fact not appearing to exist, or as widow claiming
simply a dower right in the land, is nowhere shown. If
she were the sole heir of her husband the action could,
under our statute (section 989 Revised Statutes and rules
of practice, rules 94 and 95 common law rules) be reviv-
ed against her as such. Gould v. Carr, 33 Fla. 523, 15
South. Rep. 259. But the revivor was not against her as
heir, and it nowhere sufficiently appears that she was
such heir. Whether the action could, under our statute
and rules of practice, be revived against a widow claim-
ing dower, as being the representative of a deceased hus-
band, it is not necessary to decide, as it is not shown in
this case that such revivor was made or attempted to be
made. We do not know from the record before us in what
capacity Hannah Smith was made a party. It seems
that the right of dower which a widow acquires is not de-
rived through her husband, but by provision of law. It
is an interest which the law casts upon the wife. Smith v.
Hines, 10 Fla. 258. Should a widow claim in right of
dower, a question would arise as to whether the action
against her should be original and not in the nature of a
revivor of a suit against her husband instituted in his
lifetime. It should be made to appear in what capacity
a suit is revived against a party, as in actions of eject-
ment this can only be done by virtue of legislative author-
ity, or rule of court made in pursuance thereof.

From our view it is not shown that there was any revivor of the action against the necessary parties to represent the title and interest of the deceased, Silas Smith, and this being a fatal defect the judgment should be reversed with directions for the lower court to permit proper parties to be made, if desired, in accordance with proper practice.

In the absence of necessary parties the questions presented on the equitable plea and the exclusion of evidence in the trial are not proper to be considered. When the necessary parties are before the court it will be proper to consider such matters.

