**ALBERT L. KAHN, as Executor of the Estate of Julius L. Kahn, deceased, v. NELLIE WOLF, by her husband, J. C. WOLF and J. C. WOLF, in his own right.**

10 So. (2nd) 553            Division B
November 20, 1942     Rehearing Denied December 14, 1942

Blackwell & Walker, for appellant.
McKay, Dixon & DeJarnette, for appellees.

THOMAS, J.:

Judgment was entered in the Circuit Court in favor of the appellees who sought to recover damages growing out of the collision of two automobiles at the intersection of 14th Street and Lenox Avenue in the City of Miami Beach. As is not unusual in such cases

there was considerable conflicting testimony as to the circumstances surrounding the mishap, however, there was sufficient proof to justify the jury in believing that the cars collided very near the intersection of the north and west lanes of these two streets.

There was introduced in evidence an ordinance of the municipality providing that an operator of a vehicle approaching an intersection shall yield the right of way to one which has already entered, and that "when two vehicles approach or enter . . . at the same time or at approximately the same time the operator of the vehicle on the left shall yield right of way to the vehicle on the right." It was established that there were no devices or signs for the direction of traffic at the crossing in question consequently the provisions of the ordinance doubtless applied.

The injured person was the occupant of an automobile traveling south on Lenox Avenue and the driver of the car belonging to the appellant's testator was proceeding west on 14th Street, so as the cars were nearing the intersection at "approximately the same time" it was incumbent on the latter to allow the former to pass. Considering the width of the street, the brief time which lapsed between the instant the automobiles reached the crossing and the ensuing collision we cannot determine that the car owned by appellant's testator had already "entered" the intersection, hence was entitled to the right of way. The jury evidently believed that they approached the crossing about the same time and that the latter portion of the ordinance was applicable.

We have the opinion that there was sufficient testimony upon which the jury could base a conclusion

that the driver of the car which caused the injury should have slackened his speed in order to allow the one in which the person eventually injured was a passenger to pass ahead of him and that failure to do so constituted negligence which was the proximate cause of the injury. It is our view that we should invoke the time-honored rule that where there is substantial evidence to support a verdict the judgment should not be disturbed by the appellate court and we have discovered nothing in this record that categorizes this case as an exception.

The only point remaining for discussion and decision is the one involving the survival of the "cause of action" as distinguished from the "action" itself. Appellant has strenuously argued that the appellees should not have prevailed because this case was not instituted until after the death of the owner of the automobile. It is conceded that there is authority for the survival, after death, of an action already commenced but it is urged that this rule cannot be extended to cases like the present one where the death of the wrongdoer preceded institution of the suit.

There is respectable authority for this position but we find no reason to cite the cases. This court, in Waller v. First Savings & Trust Co., 103 Fla. 1025, 138 So. 780, has held that causes of action do survive. Upon this case the appellee relies as a refutation of the appellant's contention. It is true, as appellant insists, that in the Waller case damages were claimed for injury to property as well as the person, but a study of the decision has convinced us that the court intended to hold that a "right of action" for personal injuries survived. See Re Grainger, 121 Neb. 338, 237, N. W. 153, 78 A.L.R. 597 and annotation. This

conviction is strengthened by a review of our opinion in International Shoe Co. v. Hewitt, 123 Fla. 587, 167 So. 7. We, therefore, must decline to recognize this finely drawn distinction between the survival of actions and the survival of causes of action.

No error has appeared to us in our careful examination of the record and briefs so the judgment is—

Affirmed.

BROWN, C. J., TERRELL and CHAPMAN, JJ., concur.