AMY C. NECKER, a widow, v. RAYMOND EDWARD GALLINGER, As Administrator of the Estate of Milton Stewart, also Known as Frances Milton Elliot, deceased.

35 So. (2nd) 647          June Term, 1948
June 11, 1948          Division A
Rehearing denied June 25, 1948

*W. H. Mizell,* for appellant.

*James Nemec,* for appellee.

*E. M. Baynes, R. G. Hamilton* and *Albert C. Fordham,* as amicus curiae.

CHAPMAN, J.:

On November 3, 1947, the appellant, plaintiff below, filed an amended declaration (with bill of particulars attached) in three counts substantially as follows to-wit:

"Count One: That on January 25th, A. D. 1947, while the plaintiff was residing at her home at 728—46th Street, in the City of West Palm Beach, Palm Beach County, Florida, that on said date, one Milton Stewart, also known as Frances Milton Elliot, for whose estate the defendant, Raymond Edward Gallinger, has been appointed Administrator, wilfully, intentionally, maliciously, and with the intent to do bodily harm to and murder the plaintiff, did then and there assault the plaintiff with a loaded revolver, which he then and there held in his hand, and which he then and there intentionally, wilfully, and wickedly aimed and discharged at and against the plaintiff, shooting her several times, inflicting various injuries upon the plaintiff, wounding the plaintiff in the mouth, arm, and chest, thereby seriously injuring the plaintiff's mouth,

face, chest, and arm; and thereby disfiguring plaintiff's face and causing the loss of the use of her arm, and thereby maiming her, from which she will suffer the balance of her life; permanently injuring the plaintiff, rendering it impossible for her to perform her daily duties, and thereby causing the plaintiff to expend various sums of money for hospital bills, doctors' bills, and medical treatment to the amount of Seven Hundred Sixty-nine Dollars and Twenty-two Cents (769.22); that the plaintiff will be compelled to spend further sums to cure herself, all to the great damage of the plaintiff.

"That after the commital of said wrongful act, the said Milton Stewart, also known as Frances Milton Elliot, shot and killed himself, and that the defendant, Raymond Edward Gallinger was duly appointed Administrator of his estate and duly qualified, and is now acting as such Administrator of said estate."

"Count Two: That on January 25th, A. D. 1947, while the plaintiff was residing at her home at 728 46th Street, in the City of West Palm Beach County, Florida, that on said date, one Milton Stewart, also known as Frances Milton Elliot, for whose estate the defendant, Raymond Edward Gallinger, has been appointed Administrator, wilfully, intentionally, maliciously, and with the intent to do bodily harm to and murder the plaintiff, did then and there commit a trespass vi et armis upon and against the person of the plaintiff with a loaded revolver, which he then and there held in his hand, . . . " (same allegations as set out in Count One, supra).

"Count Three: That the decedent for whose estate the defendant, Raymond Edward Gallinger, has been appointed Administrator, on or about January 25th, A. D. 1947, in the County of Palm Beach, Florida, with force of arms, made a trespass vi et armis on and against the person of the plaintiff with a loaded revolver which he wilfully, intentionally, and maliciously caused to be fired and discharged against and upon the person of the plaintiff, then and there bruised, wounded, and ill-treated her; and other wrongs to the plaintiff then and there did; against the peace of the people of this state, and to the damage of the plaintiff of Ten Thousand Dollars ($10,000.00).

"That after the committal of said wrongful act, the said Milton Stewart, also known as Frances Milton Elliot, shot and killed himself, and that the defendant, Raymond Edward Gallinger, was duly appointed administrator of his estate and duly qualified, and is now acting as such Administrator of said estate.

"Wherefore, plaintiff sues, attaches hereto her Bill of Particulars, and claims damages in the sum of Ten Thousand Dollars ($10,000.00)."

The trial court sustained a demurrer and motion to strike directed to each of the three counts of the amended declaration upon the theory that the cause of action under Section 45.11, F.S.A., did not survive and the suit could not be maintained against the legal representative of the deceased. The case of Ake v. Birnbaum, 156 Fla. 745, 26 So. (2nd) 218, is cited in one of the Court's orders copied into the record.

It is our conclusion, and we so hold, that the cause of action did survive under the provisions of Section 45.11, F.S.A. See Waller v. First Savings & Trust Co., 103 Fla. 1025, 138 So. 780; State ex rel. Wolfe Construction Co. v. Parks, 129 Fla. 50, 175 So. 786; Kahn v. Wolf, 151 Fla. 863, 10 So. (2nd) 553, and similar holdings. It is our view that the able Judge below misconstrued our recent ruling in Ake v. Birnbaum, 156 Fla. 745, 25 So. (2nd) 218.

The judgment appealed from is reversed with directions to enter an order overruling the demurrer and motion to strike directed to each count of the amended declaration and fix a date for the defendant-appellee to plead.

Reversed.

THOMAS, C. J., TERRELL and SEBRING, JJ., concur.