103 So.2d 658 (1958)
Alonzo V. ROBBINS, Appellant,
v.
Vernon U. GRACE, Appellee.
No. 300.
District Court of Appeal of Florida. Second District.
April 2, 1958.
Rehearing Denied July 3, 1958.
*659 Liles & Edwards, Plant City, Mabry, Reaves, Carlton, Fields & Ward, O.K. Reaves, J.A. McClain, Jr., Tampa, for appellant.
Macfarlane Ferguson, Allison & Kelly, Hugh C. Macfarlane, Tampa, for appellee.
PER CURIAM.
This is an appeal taken after a voluntary nonsuit by plaintiff in a negligence action brought by Alonzo V. Robbins against Vernon U. Grace. The trial judge, at the conclusion of the plaintiff's evidence, announced that he would grant the defendant's motion for a directed verdict and the plaintiff took a nonsuit.
The complaint, upon which the case was tried below, alleged in effect that the defendant had driven his car negligently in that he had failed to stop at an intersectional stop sign, as a result of which the defendant's car collided with the car of the plaintiff, which was being driven at a lawful rate of speed on a through street. The defendant, at the conclusion of the plaintiff's evidence, moved the Court to direct a verdict for the defendant upon the following grounds:

*660 1. The plaintiff has failed to prove the essential allegations of his complaint.
2. That it affirmatively appears from the evidence that the plaintiff was guilty of negligence and carelessness contributing proximately to the accident.
The appellee, in his brief, argues that the appellant failed to prove that he was traveling at a lawful rate of speed on a through street as alleged in his complaint.
Prior to the adoption of the present Florida Rules of Civil Procedure, the argument of the appellee would have been proper as the allegata et probata were required to coincide. However, with the adoption of the 1954 Florida Rules of Civil Procedure, this rule became obsolete. Section 1.15(b) of our rules, 30 F.S.A., provides as follows:
"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment or decree; but failure so to amend shall not affect the result of the trial of these issues. If the evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings the court may allow the pleadings to be amended to conform with the evidence; and shall do so freely when the merits of the cause are more effectually presented thereby and the objecting party fails to satisfy the court that the admission of such evidence will prejudice him in maintaining his action or defense upon the merits."
The Federal Rules are similar in effect to Section 1.15(b). It has been held that the plaintiff was not bound by his pleadings but could offer his proof on the presentation that the merits of the action will be subserved thereby. Newman v. Zinn, 3 Cir., 1947, 164 F.2d 558.
If evidence is objected to at trial on the grounds it is not within the issues made by the pleadings, the court may authorize amendment so as to facilitate presentation of the merits of the case. In the absence of an objection that the evidence is not within the scope of the pleadings in a case which is tried as if the issue had been raised, amendment of pleadings is not imperative. Pearl Assur. Co. v. First Liberty Nat. Bank, 5 Cir., 1944, 140 F.2d 200. See Shelley v. Union Oil Co., 9 Cir., 1953, 203 F.2d 808.
From the above we see that failure to prove the cause stated in the complaint may not defeat recovery by plaintiff, provided that the proofs actually made present a meritorious claim. We must, therefore, examine the evidence to see if plaintiff has fulfilled this proviso.
The plaintiff introduced into evidence a traffic ordinance of the City of Plant City, which provided:
"The driver of a vehicle shall likewise stop in obedience to a stop sign as required herein at an intersection where a stop sign is erected at one or more entrances thereto, although not a part of a through street, and shall proceed cautiously, yielding to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard, but may then proceed."
The plaintiff testified that the defendant ran into him when he was approximately in the middle of the intersection of Del Donnie Road and Maryland Avenue; that there was a stop sign on Maryland Avenue near its intersection with Del Donnie Road; that such sign had been there a long time; and that he looked as he approached the intersection and had seen the defendant's car *661 just before it came to the stop sign as it approached the intersection.
A city official testified that the defendant's car was turned completely around and was 59 feet north on Maryland Avenue and the plaintiff's car was 81 feet west of the crossing on Del Donnie Road and turned completely around; that each car showed skid marks from the point of impact; that the collision was near the center of the intersection; that each car appeared to have been driven on the right side of the road; that he and another officer found the defendant's Ford had no brakes; and that the collision in question took place within the city limits.
It appears from the record that under the quoted city ordinance, the defendant had a duty to stop at the stop sign and to yield to the vehicle which was not so obliged to stop and which was within the intersection or approaching so closely as to constitute an immediate hazard. Furthermore, the plaintiff had the right to assume that the defendant would stop at the stop sign. See Colerick v. United States, D.C.N.D.Fla. 1948, 77 F. Supp. 953. Therefore, in light of the testimony appearing in the record, plaintiff was not guilty of contributory negligence as a matter of law in not stopping his car, having seen the defendant's car prior to the defendant's reaching the stop sign on Maryland Avenue.
In the case of Kahn v. Wolf, 1942, 151 Fla. 863, 10 So.2d 553, it was said that where two cars reach the intersection of two streets at approximately the same time, the car entering first had the right-of-way and the driver of the other car was negligent in failing to slow down.
It has also been held that a stop sign is a proclamation of danger putting a duty on an approaching driver to stop and look. See Tooley v. Margulies, Fla. 1955, 79 So.2d 421.
Finally, in Katz v. Bear, Fla. 1951, 52 So.2d 903, 904, we find the following:
"Power to direct a verdict should be cautiously exercised and the same should never be granted unless the evidence is such that under no view which the jury might lawfully take of the evidence favorable to the adverse party could a verdict for the adverse party be sustained. * * * A party moving for a directed verdict admits not only facts shown by the evidence, but also reasonable inference favorable to the adverse party that the jury might fairly and reasonably arrive at from the evidence, and if the evidence is conflicting, or evidence tending to prove the issues, the case should be submitted to the jury as a question of fact under appropriate instructions."
It is our opinion that the lower court was in error in announcing he was granting the defendant's motion for directed verdict. We must, therefore, reverse his decision.
Reversed.
KANNER, C.J., and ALLEN and SHANNON, JJ., concur.