107 So.2d 244 (1958)
Edward E. EDWARDS et al., Appellants,
v.
E.N. YOUNG, etc., and Stylerite Homes, Inc., Appellees.
No. 406.
District Court of Appeal of Florida. Second District.
August 1, 1958.
Rehearing Denied September 2, 1958.
*245 Mabry, Reaves, Carlton, Fields & Ward, O.K. Reaves, J.A. McClain, Jr., Tampa, for appellants.
Macfarlane, Ferguson, Allison & Kelly, Charles F. Clark, Tampa, for appellee E.N. Young, d/b/a Young's Electric Co.
Shackleford, Farrior, Stallings, Glos & Evans, Thomas C. McDonald, Jr., James E. Lehan, Tampa, for appellee, Stylerite Homes, Inc.
ALLEN, Judge.
This is an appeal from an order granting a new trial after a jury verdict for plaintiffs in a negligence action. Edward E. Edwards, a minor, by his next friend, Frances M. Edward and Frances M. Edwards, individually, sued E.N. Young, d/b/a Young's Electric Company, and Stylerite Homes, Inc., for injuries to the minor plaintiff which resulted when he touched a live wire on premises where the defendants were engaged in construction work. The wire was a part of a temporary electrical system which was supplying electric current to homes being constructed by Stylerite Homes, Inc., and which was installed by defendant Young under a contract with Stylerite Homes, Inc. The order of the trial judge granting a new trial stated:
"* * * it appearing to the Court that the proof submitted by the plaintiffs at the trial did not sustain the allegations of negligence charged against the defendants in the amended complaint that the defendants knocked down the elctric light poles here involved and knocked the insulation therefrom, * * *."
Florida Statutes, Section 59.07(4), F.S.A., requires the trial judge, in his order granting a new trial, to specify the grounds thereon, and provides that on an appeal therefrom, no other grounds than those specified by the trial judge shall be considered. Our Supreme Court has held that on such appeal the statute must be followed. See Braddock v. Seaboard Air Line Ry. Co., Fla. 1955, 80 So.2d 662; Leonetti v. Boone, Fla. 1954, 74 So.2d 551.
The amended complaint charged that Stylerite Homes, Inc., was engaged in the business of constructing a new house and had employed E.N. Young, d/b/a Young's Electric Company, to perform the electrical work required in said house including certain temporary wires; that the defendants and each of them knew that children lived across the street from the place the defendants were constructing the aforesaid home and that there was danger that the children would walk onto the property; and that each day the defendants had the duty of using ordinary and reasonable care in keeping said electrical wires from the reach of the children.
The amended complaint then alleged that in spite of this duty, the defendants, and each of them, were negligent in that said defendants knocked out of place one of the poles holding said wires so that the wire, which was ordinarily hung at a height of over five feet from the ground, was caused to sag so that it almost touched the ground; and in that said defendants, and each of them, further removed or knocked off of the center of the wire the protective insulation therefrom so that a live wire without insulation was permitted to hang so close to the ground that a four year old child could easily touch it with his hands. Plaintiffs also alleged that after the said *246 child touched the live wire, an effort was made to rescue him from said wire by throwing the switch to cut off the current, said switch having been placed at the spot by the defendants for the purpose of cutting off the current; that when the switch was thrown, it did not cut off the current, the switch having been improperly placed; and that therefore additional damage was suffered by the plaintiffs.
At the conclusion of the plaintiffs' case, the defendant Young moved for a directed verdict, principally on the grounds that the plaintiff had failed to prove that the defendants knocked the involved wire down and removed the insulation from it so that a four year old child would be able to touch a live wire with his hands, as alleged, and had failed even to put any testimony in the record as to such allegation. The other defendant, Stylerite Homes, Inc., in effect joined in the said motion. The trial court overruled the motions for directed verdict and permitted the case to proceed.
The appellants, in their brief, admit that the part of their complaint that they failed to prove was as follows:
"* * * said defendants knocked out of place one of the poles holding said wires so that the wire which was originally hung at a height of over five feet from the ground was caused to sag so that it almost touched the ground and the defendants and each of them, further removed or knocked off of the center of the wire the protective insulation therefrom * * *."
Plaintiffs then argue that the quoted allegation was immaterial and redundant and that since they proved that a live wire without insulation was permitted to hang so close to the ground that a four year old child could easily touch it with his hands, plaintiffs proved the actual basis of their complaint. Plaintiffs then conclude that, the jury having found with them, the lower court should not have granted a new trial on the grounds that they had failed to prove what was actually an immaterial part of their complaint.
At the time of the oral argument before this court, the attorney representing the appellants argued that the lower court must be reversed by reason of the opinion of this court in Robbins v. Grace, Fla.App. 1958, 103 So.2d 658. In that case, an appeal had been taken from a voluntary nonsuit by the plaintiff in a negligence action where the trial judge announced at the conclusion of the plaintiff's evidence that he would grant the defendant's motion for a directed verdict, causing plaintiff to take the nonsuit. The basis of the court's announced order had been that the plaintiff had failed to prove the essential allegations of his complaint, and second, that it affirmatively appeared from the evidence that the plaintiff was guilty of contributory negligence. The appellee argued that the appellant had failed to prove he was traveling at a lawful rate of speed on a through street, as alleged in his complaint. The opinion of this court was to the effect that under Section 1.15(b) of the 1954 Florida Rules of Civil Procedure, 30 F.S.A., when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings, and that, therefore, the doctrine that the allegata and probata had to coincide was not applicable. We then held that the lower court erred in announcing he would direct a verdict in the case.
In the case now before the court, there was no way that the defendants could tell, until the conclusion of all the plaintiffs' evidence, that the plaintiffs were not proceeding on the basis of the acts of negligence alleged in the amended complaint. Up to that point in the trial, plaintiffs' evidence was substantially consistent with such alleged negligence, but then they rested without attempting to prove who actually knocked the involved wire down, or knocked off the insulation from said wire. At that time defendants promptly objected by a motion for directed verdict, for the *247 failure of the plaintiffs to prove the allegations of the amended complaint.
Since defendants objected at the first opportunity, and since they expressly stated, as a ground for their motion, that the plaintiffs had failed to prove the grounds of their amended complaint, it could not be said that the defendants had consented, expressly or impliedly, to a different ground for the action being proven or attempted to be proved by the plaintiffs. We are of the opinion that the lower court was not precluded, by the opinion of this court in Robbins v. Grace, supra, from granting a new trial on the grounds set forth in the court's order.
This court, in the recent case of Cloud v. Fallis, 107 So.2d 264, sustained the lower court in granting a motion for new trial. We are also of the view that under Cloud v. Fallis, supra, where this court reviewed many decisions of our Supreme Court on the question of granting or refusing to grant new trials, we should sustain the lower court in granting a new trial to the defendants.
Affirmed.
KANNER, C.J., and SMITH, D.C., A.J., concur.