PEARSON, Judge.
The defendants, Dorothy Cameron and Dorothy Cameron, executrix of the estate of D. B. Cameron, deceased, appeal from a judgment in trespass against them. The complaint alleged that the acts constituting the trespass were accomplished by D. B. Cameron, deceased, and the original complaint was against him and others. Thereafter suggestion of death and motion for substitution of executrix[1] were filed and by order of court Dorothy C. Cameron, individually and Dorothy Cameron, as executrix of the estate of D. B. Cameron were substituted as party defendants.[2] Judgment was subsequently rendered against Dorothy C. Cameron as executrix of the estate of D. B. Cameron, and Dorothy C. Cameron, individually. Upon appeal the entry of the order substituting Dorothy C. Cameron individually is assigned as error. The assignment is well taken.
*390 Appellees urge that the inclusion of Dorothy B. Cameron, individually in the action, is authorized by the principle of law which holds a legatee under a will chargeable for debts arising out of the property inherited.[3] We find that this principle is applicable to a situation where the bequest or devise is subject to a condition or a charge imposed by the testator. In such a situation the beneficiary would be personally liable, if he accepts the benefit without regard to the condition or charge to which the benefit is subject. However under this rule a beneficiary would not be personally liable for a tort action which survives against the testator’s personal representative unless of course the benefit was expressly burdened to satisfy tort claims.
It has been established in this jurisdiction that a cause of action for a tort survives the death of the tort-feasor and may be maintained against his personal representative.[4] In this case the plaintiffs, as interested parties, in accordance with Rule 1.19(a) (1), 19S4 Fla.Rules of Civil Procedure, 30 F.S.A.,[5] made the proper motion [6] for substitution of the representative of the deceased defendant. For, where a party to a personal action dies, the legal representatives of the deceased should be substituted [7] or any other appropriate party as may be provided by law.[8] Dorothy Cameron, as an individual, was not a proper party to such a cause as we now have before use, and she was not a party to the wrong committed. Therefore the judgment against her, individually, must be reversed.
The appellant has filed other assignments. All of these have been considered in light of the record and the briefs and no other reversible error was found. Therefore the cause is remanded for the entry of a judgment in accord with this opinion.
Affirmed in part and reversed in part.
CARROLL, CHAS., C. J., and HORTON, J., concur.

. The motion asked the court to revive the action against Dorothy C. Cameron, executrix of the will of D. B. Cameron, deceased, and to substitute Dorothy C. Cameron, executor of the will of D. B. Cameron, as a defendant.

 The court in its order substituting ex- . eeutrix stated: “Dorothy B. Cameron is the sole devisee under the will of said D. B. Cameron, and is independent executrix of the estate of D. B. Cameron, Deceased, * * * It is, Therefore, ordered that Dorothy B. Cameron, individually and as independent executor of the estate of D. B. Cameron, deceased, be, and she is hereby, substituted as a party defendant in this cause in lieu of and in the place of D. B. Cameron.”

. As authority for this principle appel-lees cite Redfearn, Wills and Administration of Estates, § 156 (2nd Ed.). The almost identical rule is stated by Redfearn in his latest edition of the above work in Volume 1 at page 254 (3rd Ed.1951).

. Section 45.11, Fla.Stat., F.S.A., Necker v. Gallinger, 160 Fla. 547, 35 So.2d 647; Kahn v. Wolf, 151 Fla. 863, 10 So.2d 553; Waller v. First Savings & Trust Co., 103 Fla. 1025, 138 So. 780; Roth v. Cox, 5 Cir., 1954, 210 F.2d 76. Cf. In re Klipple’s Estate, Fla.App.1958, 101 So.2d 924.

. “Rule 1.19 Survivor. Substitution Of Parties.
“(a) Death.
“(1) If a party dies and the claim is not thereby extinguished, the court 'within 2 years after the death may order substitution of the proper parties. If substitution is not so made, the action shall be dismissed as to the deceased party. The motion for substitution may be made by the successors or representatives of the deceased party or by any interested party and, together with the notice of hearing, shall be served on the parties as provided in Rule 1.4 and upon persons not parties in the manner provided by law.”

. See note 1, supra.

. Boyer v. Boyer, 132 Fla. 799, 182 So. 222; Waller v. First Savings & Trust Co., 103 Fla. 1025, 130 So. 780; cf. Finlayson v. Love, 44 Fla. 551, 33 So. 306.

. Waller v. First Savings & Trust Co., supra, n. 7; Finlayson v. Love, supra, n. 7.