MANN, Chief Judge
(dissenting).
The Pillsbury Company alleged that Chernin & Pila Dairy & Livestock Co. owed it $5905.10 “as evidenced by the statement of account annexed for goods sold and delivered by plaintiff to defendant ... as evidenced by the invoices attached.” The complaint is not exactly like either of those suggested for an open account (31 F.S.A. Form 1.932); or on an account stated (31 F.S.A. Form 1.933); or for goods sold (31 F.S.A. Form 1.935). At trial, plaintiff proved a prima facie case on account stated. The defendant’s motion for directed verdict was taken under advisement, as it well might have been because the real issue between these parties is barely hinted at in the testimony taken at trial and concealed entirely by the pleadings, if indeed the issue is what I think it is. Pillsbury’s attorney conceded at trial that one shipment was not delivered, and there is some suggestion that Pillsbury claimed a market loss of about $3200 resulting from Chernin & Pila’s breach of contract. There is another slight suggestion that the controversy arose out of Pillsbury’s crediting that sum to the claimed market loss, leaving $3200 more on the account than Chernin & Pila acknowledged owing. If this is the issue which should have been tried — a supposition which comes more readily to one who reads the transcript several times than it would to the trial judge — it should have been raised by the pleadings, but the defendant answered only by general denial and by affirmative defenses alleging that goods described in “Exhibit A” were not delivered, that the defendant could not add service charges to the unpaid balance, and that defendant had paid for all goods delivered. The parties stipulated that goods covered by Invoice 84054 were not deliv *50 ered, but no such invoice was attached as an exhibit, although four others were.
A pretrial order designed to clarify the issues recites the stipulation as to nondelivery of goods covered by Invoice 84054, and that monies paid to the plaintiff since that date were “applied to a ‘market loss’ incurred by plaintiff as a result of defendant ordering but not accepting the merchandise described in said invoice.” The pretrial order recites that “Plaintiff contends that defendant is indebted to plaintiff in the sum of $5,905.10 plus interest from October 1, 1970 for goods sold and delivered by plaintiff to defendant between the months of May and September inclusive, 1969.”
The final judgment, contains a finding “That the Plaintiff, THE PILLSBURY COMPANY, failed to establish a prima facie case showing that the Defendant was indebted to the Plaintiff in any sum.” I think this finding is erroneous, but understandable in the light of defendant’s attorney’s vigorous assertion that the complaint was for goods sold and delivered and that the pretrial order made this clear. The plaintiff’s attorney argued as vigorously that he was proving an account stated. I think this case must be reversed and remanded for trial in the light of the Florida Rules of Civil Procedure.
First of all, plaintiff’s proof of an account stated was “tried by implied consent of the parties,” and even if the complaint were inadequate, which is by no means clear, the plaintiff would have the right to amend it to conform to proof, even after judgment. R.C.P. 1.190(b), 30 F.S.A. Too, “At every stage of the action the court must disregard any error or defect in the proceedings which does not affect the substantial rights' of the parties.” R.C.P. 1.190(e).
In Robbins v. Grace, Fla.App.2d 1958, 103 So.2d 658, this court held that the allegation that the plaintiff was driving his car at a lawful rate of speed, which the defendant claimed was unproved, did not justify a directed verdict, but called for amendment where the plaintiff had proved a cause of action.[1]
Sooner or later these parties ought to get to the real issue, but they should not be impeded by hypertechnical reliance on procedural rules. The purpose of the rules is to facilitate the termination of actions, but not until their real nature has been disclosed on both sides. I would reverse.

. See also Turner v. Trade-Mor, Inc., Fla.App.4th 1971, 252 So.2d 383; 3 Moore, Federal Practice § 15.13 [2],