408 So.2d 758 (1982)
LONESTAR FLORIDA, INC., and Liberty Mutual Insurance Company, Appellants,
v.
Margaret M. COOPER, Hornbostel Enterprises, Inc., D/B/a Red Dog Sally's Lounge and Liquor Bar, Appellees.
No. 80-1162.
District Court of Appeal of Florida, Fourth District.
January 13, 1982.
*759 Robert F. Jordan of Grimmett, Conrad, Scherer & James, P.A., Fort Lauderdale, for appellants.
Joel L. Kirschbaum of Esler & Kirschbaum, P.A., Fort Lauderdale, for appellees.
BERANEK, Judge.
Appellants contend the circuit court erred in dismissing with prejudice their claims for contribution against Hornbostel Enterprises, Inc., d/b/a Red Dog Sally's Lounge and Liquor Bar. Both claims were based on the legal theory that the bar owner was negligent in serving liquor to an obviously intoxicated patron and that such negligence was the proximate cause of an automobile accident and death. The trial court dismissed the claims with prejudice based on arguments regarding contribution and indemnity under Stuart v. Hertz Corp., 351 So.2d 703 (Fla. 1977), and related cases. We conclude the trial court reached a correct conclusion in dismissing the claims with prejudice but rely upon a more direct and basic proposition of law for this result.
According to the allegations of the pleadings, appellants were the owner and its insurance carrier of a car being driven by a person who became intoxicated at Red Dog Sally's Lounge and Liquor Bar. The intoxicated driver and owner were sued by the parents of the minor who was killed in an accident with the drunk driver bar patron. The owner of the automobile joined Red Dog Sally's in a third party claim for contribution asserting that if the car owner was liable to the plaintiff, then the bar should be liable to the owner.
Before considering the questions of contribution and indemnity, we first explore whether any civil cause of action exists against a bar owner for dispensing alcoholic beverages to a drunk patron who later drunkenly and negligently injures another.
There is no question that the present Florida law on this subject is that no cause of action exists. Section 768.125, Florida Statutes (Supp. 1980), provides as follows:
768.125 Liability for injury or damage resulting from intoxication.  A person who sells or furnishes alcoholic beverages to a person of lawful drinking age shall not thereby become liable for injury or damage caused by or resulting from the intoxication of such person, except that a person who willfully and unlawfully sells or furnishes alcoholic beverages to a person who is not of lawful drinking age or who knowingly serves a person habitually addicted to the use of any or all alcoholic beverages may become liable for injury or damage caused by or resulting from the intoxication of such minor or person.
This statute was passed in 1980 and was not in effect at the time of the accident in question. We conclude, however, that Section 768.125, as stated above, is declarative of the existing law on the subject, rather than a change in the law as applicable to this case.
At common law there was no cause of action against the dispenser of alcohol for injuries caused to another by the intoxicated recipient. Since the Florida Legislature has not passed a Dram Shop Act or Civil Damages Act regarding alcohol, the common law remains in effect. United Services Automobile Association v. Butler, 359 So.2d 498 (Fla. 4th DCA 1978). The statutes in effect at the time in question were Sections 562.11 and 562.50, Florida Statutes (1979). These statutes prohibited the sale of alcohol or other intoxicants to minors or habitual drunkards after notice. Neither statute prohibited the sale of intoxicants to adult persons already intoxicated.
In Davis v. Schiappacossee, 155 So.2d 365 (Fla. 1963), the Supreme Court held that the sale of alcoholic beverages to a minor in *760 violation of a state statute constituted negligence per se. The opinion makes it clear that the absence of a Dram Shop Act would have required a different result but for the particular statute in question. Also see Reed v. Black Ceaser's Forge Gourmet Restaurant, 165 So.2d 787 (Fla.3d DCA 1964), holding that a bar owner was not liable for the sale of intoxicants and the damages resulting therefrom.
Notwithstanding the above, appellants rely upon a municipal ordinance (Section 3.04 of the Pompano Beach Code of Ordinances), which prohibits the sale of alcoholic beverages to intoxicated persons along with numerous other described persons. Appellants contend that the municipal ordinance prohibiting the sale of alcohol to intoxicated persons gives rise to a cause of action here and that the conduct of the appellees constitutes negligence per se. We disagree. The municipal ordinance does not serve to create a civil cause of action in a situation where the state statutes on the subject and the common law are to the contrary. The state law does not recognize the cause of action asserted here and the municipal ordinance does not create such a cause of action. Having so concluded, we need not reach the issues of contribution or indemnity.
We thus hold that the trial court correctly dismissed the claims for contribution.
AFFIRMED.
OWEN, WILLIAM C., Jr. (Retired) and GREEN, OLIVER L., Jr., Associate Judges, concur.