418 So.2d 428 (1982)
Gilbert A. DI TEODORO and Patricia A. Di Teodoro, His Wife, Appellants,
v.
LAZY DOLPHIN DEVELOPMENT COMPANY d/b/a Jack's Bar and Package Store, Appellee.
No. 81-358.
District Court of Appeal of Florida, Third District.
August 24, 1982.
Thomas & Thomas and Frank Thomas, Orlando, for appellants.
David Wm. Boone, Fertig & Curtis, Christopher R. Fertig, Fort Lauderdale, for appellee.
Before SCHWARTZ, NESBITT and BASKIN, JJ.
NESBITT, Judge.
The plaintiffs appeal from the denial of their motion for new trial after an adverse *429 verdict and judgment was entered against them in a personal injury action. The only point with which we are concerned is whether the trial court erred in denying the plaintiffs the right to amend their pleadings to conform to the evidence.[1]
The plaintiffs' initial complaint was predicated upon the negligent maintenance of the defendant bar and package store. At trial, this issue developed narrowly to whether the handrail on the stairway was negligently maintained, thereby causing Gilbert Di Teodoro's fall. During the plaintiffs' case, testimony was elicited from one Gary Burns to the effect that the bartender pushed him (Gary) into Gilbert, causing the plaintiff to fall down the stairs. This testimony was introduced without any objection being interposed by defense counsel. Moreover, defense counsel cross-examined this witness on this intentional tort by the bartender. After all of the evidence was presented by plaintiffs, counsel for the plaintiffs moved to conform the pleadings to the evidence adduced at trial. The motion was denied and the trial judge refused to instruct the jury on this issue. We reverse.
Florida Rule of Civil Procedure 1.190(b) provides, in pertinent part:
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend shall not affect the result of the trial of these issues.
In the present case, we find that the issue of the bartender's intentional tort was tried by implied consent. It is basic in trial practice that an opposing party must object and obtain a ruling on the admission of evidence or else that objection is waived. McMillan v. Reese, 61 Fla. 360, 55 So. 388 (1911). We reject the appellee's contention, relying upon Triax, Inc. v. City of Treasure Island, 208 So.2d 669 (Fla. 2d DCA 1968), that the evidence was consistent with the negligent maintenance theory stated in the complaint, so as to prevent the defendant from realizing that a new issue was being tried. It can hardly be said that proof that the bartender pushed Gary into Gilbert, causing the plaintiff to fall, is consistent with proof of the defendant's negligence in failing to maintain a handrail. Therefore, we find that the defendant's failure to object to the introduction of such testimony at the time it was offered precludes it from now claiming error in its admission.
Nonetheless, the defendant contends that the intentional tort constitutes a new cause of action, barred by the statute of limitations, which cannot relate back to the time when the original cause of action was filed. When an issue is tried by implied consent, that issue can be treated in all respects as if it had been raised in the pleadings. Fla.R.Civ.P. 1.190(b); Free Bond, Inc. v. Comaza International, Inc., 281 So.2d 61 (Fla. 3d DCA 1973); Beefy Trail, Inc. v. Beefy King International, Inc., 267 So.2d 853 (Fla. 4th DCA 1972); Robbins v. Grace, 103 So.2d 658 (Fla. 2d DCA 1958). Thus, the issues tried by implied consent are protected from a statute of limitations defense, without the aid of relation back under Florida Rule of Civil Procedure 1.190(c). See 6 Wright & Miller, Federal Practice and Procedure § 1496 (1971). (stating this rule with respect to Federal Rule of Civil Procedure 15(b), the counterpart to Florida Rule of Civil Procedure 1.190(b)).[2]
*430 While as a result of the implied consent, it became unnecessary for the plaintiffs to have even made a motion to amend the pleadings to conform to the evidence, Fla.R. Civ.P. 1.190(b); Free Bond, Inc., supra; Beefy Trail, Inc., supra; Robbins, supra, having done so, said motion should have been granted by the trial judge, and the jury should have been instructed on this issue.
Accordingly, we reverse and remand for a new trial.
NOTES
[1] Plaintiffs also argue that leave to amend prior to trial should have been granted to allege the defendant's liability for serving a person under the influence of alcohol. No cause of action exists in favor of an injured party under these circumstances. Lonestar Florida, Inc. v. Cooper, 408 So.2d 758 (Fla. 4th DCA 1982). Consequently, we need not consider the plaintiffs' claimed error in not allowing this amendment. See Midstate Hauling Co. v. Watson, 172 So.2d 262, 266 (Fla. 2d DCA 1965).
[2] Conversely, where an objection is made to the introduction of the evidence, the relation back provisions become applicable to determine if the statute of limitations presents a bar to the trial upon those issues. See 6 Wright & Miller, Federal Practice and Procedure § 1496 (1971).