LUZZO, JOHN T., Associate Judge.
This is an appeal from a jury verdict against Equitable Life Assurance Society in an action for unjust enrichment. Digital Products alleged in its complaint that it had sent the defendant a Telsol automatic robot telephone dialer in 1983, and that the defendant had kept the machine without paying for it. Equitable originally answered that its agent, Mr. Santasiere, had purchased a Digital telephone dialer on its behalf in 1982 on a lease/purchase basis. The answer further asserted that payments for the machine were made to Master Lease Corporation, which was not named in the action. Equitable stated in its answer that when the machine became inoperable in 1983, Digital, in Florida, sent Santasiere a replacement unit. Equitable denied agreeing to pay Digital for the replacement unit, and alleged that it had continued to make payments to Master Lease. Finally, Equitable asserted that it had told Digital that the inoperable unit was available to be picked up.
Plaintiff made a pretrial motion in limine to exclude a letter written by Mr. Santasi-ere to plaintiff’s attorney. The letter in question had been written on November 30, 1984 — before this action was instituted. In the letter, Mr. Santasiere offered to return the disputed Telsol machine if Digital provided him with appropriate boxes and postage, and a notarized letter releasing him from liability. The court determined that the letter was in the nature of an inadmissible offer of settlement, and thus granted plaintiff’s motion.
Shortly before trial, Equitable attempted to raise the issue that Mr. Santasiere had bought and used the machine in his individual capacity, rather than as its agent. No formal motions were made by defendant at this point in the proceedings. Subsequently, Equitable made a motion ore tenus to amend the pretrial stipulation and the answer to reflect that Santasiere had bought the disputed equipment as an individual, rather than as its agent. The motion was denied. During the trial portions of Santa-siere’s deposition were read into evidence, including statements that Santasiere had purchased and used the machine in his individual capacity.
The jury rendered a verdict in favor of Digital on the issue of unjust enrichment, and the trial court entered judgment against Equitable in the amount of $7,950.00, plus interest and costs. The defendant’s renewed motion for directed verdict and for a new trial were denied, and a timely appeal was taken.
Appellant Equitable raises two main arguments on appeal: (1) whether the trial court erred in excluding evidence that Santasiere had offered to return the loaner unit to appellee as an inadmissible offer to compromise or settle under section 90.408, Florida Statutes (1985), and (2) whether the trial court abused its discretion in denying appellant’s motion to amend its answer to conform to the evidence presented at trial, i.e., that Santasiere had bought the dialer unit in his individual capacity rather than as an agent of Equitable.
Although we affirm on the first point, we reverse the trial court based on Equitable’s second argument. By Digital’s failure to timely object to the admission of evidence showing that Santasiere was obligated to *1377 Digital individually rather than as an agent of Equitable, Digital waived its right to oppose Equitable’s motion to amend its pleadings to conform to such evidence. Equitable’s affirmative defense that Santa-siere was individually liable for the use of the machine should have been allowed to go to the jury through a proper jury instruction. Further, defendant Equitable should have been allowed to argue this defense in its closing argument.
The portion of Mr. Santasiere’s deposition in which he acknowledged that he was acting as an individual, and not as an agent for appellant, was read to the jury and did become evidence in the case. Therefore, the appellant’s ore tenus motion to amend should have been granted and the pleadings allowed to be conformed to the evidence. This testimony was allowed into evidence without objection and does present the type of factual situation contemplated by rule 1.190(b), Florida Rules of Civil Procedure. See Di Teodoro v. Lazy Dolphin Development Co., 418 So.2d 428 (Fla. 3d DCA 1982), rev. denied, 427 So.2d 737 (Fla.1983).
In conclusion, it was not enough for Digital to merely object to Equitable’s motion to amend its answer and joint pretrial stipulation to assert that Santasiere was acting in his individual capacity throughout this transaction, as opposed to in an agency capacity. Digital did not object to nor obtain a ruling on the admission of the evidence supporting appellant’s amendment, and thus waived any objection to Equitable amending its pleadings to conform to the evidence. Accordingly, we reverse and remand for a new trial, granting to Equitable leave to amend its answer and joint pretrial stipulation to frame the issue of Santasi-ere’s status during his dealings with Digital as such status relates to the unjust enrichment claim of Digital against Equitable.
GLICKSTEIN and GUNTHER, JJ., concur.