SURFSIDE HOTEL, INC., a Florida corporation, v. W. E. MOOREHEAD COMPANY, INC., a Florida corporation, and FLORIDA BANK & TRUST CO., AT WEST PALM BEACH, a Florida banking corporation.

5 So. (2nd) 857          Division A
January 27, 1942

Beall & Farish, for appellant.

Willard Utley, for appellees.

ADAMS, J.:

This is an appeal from a final decree quieting title in the plaintiff.

The dispute is over a piece of land 3.06 feet by 30 feet in length.

Appellant contends the chancellor abused his discretion by allowing plaintiff to amend the bill after the taking of testimony. The amendment referred to the same property but changed the character of the description. The law has long been settled, that chancellors are allowed great latitude in allowing amendments and their action will not be set aside unless the abuse is clearly shown and that the offended party was prejudiced in some legal manner.

In this instance the amendment was allowed to afford a proper basis for the evidence. Without such basis a decree could not have been entered. No one was surprised by the amendment. Both parties knew what property was being litigated. Both parties were given full opportunity to submit evidence and we find no abuse of discretion or resulting harm.

The remaining question in the case, questions the finding of the chancellor on both law and fact.

The finding was that:

". . . Plaintiff's predecessor, in ignorance of his actual boundaries, took and held possession by mistake, up to a certain line pointed out to him beyond his limits, upon the claim and in the belief that it was the true line, with intention to claim title and thus, if necessary, to acquire title by adverse possession up to that line. In view of the fact that the actual adverse possession has continued for the requisite duration and continuity, it has ripened into title."

We have examined the evidence and are of the opinion that the finding is substantially supported by same. The decree finds legal support in Kilgore v. Leary, 131 Fla. 715, 180 So. 35, and cases of this Court there cited.

The decree is affirmed.

BROWN, C. J., WHITFIELD and BUFORD, JJ., concur.