281 So.2d 46 (1973)
PENN CORK AND CLOSURES, INC., a New York Corporation, Appellant,
v.
PIGGYBACK SHIPPERS ASSOCIATION OF FLORIDA, INC., a Florida Corporation, Appellee.
No. 73-220.
District Court of Appeal of Florida, Third District.
July 31, 1973.
Friedman, Britton & Stettin, Miami, for appellant.
Stephen T. Onuska, Miami, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Appellant plaintiff seeks review of an adverse summary judgment in its action for damages to goods in shipment under the Interstate Commerce Act and also sounding in negligence.
Appellant filed its sixth amended complaint[1] alleging as the basis for one count of its action a bill of lading attached to the complaint. At deposition, it appeared that the wrong bill had been attached inadvertently. However, the correct bill was available and identified and appellant moved to substitute it for the erroneously attached document. No other changes in the complaint were requested. Appellant's motion to substitute was denied and final summary judgment entered in favor of the appellee. We reverse.
It is unnecessary to recite the numerous decisions of the courts of this state regarding the liberality in the granting of amendments to pleadings. R.C.P. 1.190, 30 F.S.A., is clear enough when it states that leave to amend should be "given freely when justice so requires". The mistake herein dealt solely with substitution of an incorrect document prior to trial and did not substantively affect the cause of action or rights of the appellee. We are, therefore, of the opinion that the best interests of justice required the granting of appellant's motion. To do otherwise was an *47 abuse of the trial judge's discretion. The test of finding that point wherein the moving party has abused his privilege to amend is not a mere counting up of the number of chances that he has already been given. The test must go more to the substance of the error and the possible prejudice that might result to the non-moving party. In the case sub judice, the nature of the error was such that the remedy prayed for by appellant would not have changed the cause of action and would not have in any way delayed the proceedings. Nor can we say that the interests of the appellee would have been in any manner prejudiced.
Accordingly, the final summary judgment entered in favor of appellee is reversed and remanded with directions for the trial court to allow the appellant to substitute exhibits.
Reversed and remanded with directions.
NOTES
[1] The record reveals that counsel for appellant had been changed prior to its filing the sixth amended complaint.