306 So.2d 97 (1974)
Darlene D. FRIDDLE, Petitioner,
v.
SEABOARD COAST LINE RAILROAD COMPANY and Harold Jefferson Bridges, Respondents.
Darlene D. FRIDDLE, as Administratrix of the Estate of Thomas B. Friddle, a/K/a Thomas Bascom Friddle, Petitioner,
v.
SEABOARD COAST LINE RAILROAD COMPANY and Harold Jefferson Bridges, Respondents.
Nos. 45213 and 45214.
Supreme Court of Florida.
October 16, 1974.
Rehearing Denied February 4, 1975.
Jack B. Nichols, Nichols & Tatich, Orlando, for petitioners.
Frederick J. Ward, Giles, Hedrick & Robinson, Orlando, for respondents.
*98 PER CURIAM.
We here review by writs of certiorari the decision of the District Court of Appeal, Fourth District, in Seaboard Coast Line Railroad Company v. Friddle (Fla. App. 1974), 290 So.2d 85, in these consolidated cases.
The facts and legal issues of the cases are fully set forth in the report of the District Court opinion and need not be restated by us.
After careful consideration including study of the transcript and briefs, and hearing oral argument we conclude that decisional conflict did occur as pointed out in Judge Mager's dissenting opinion in the District Court appeal. Direct conflict appears with the rationale of such cases as Chambers v. Loftin, (Fla. 1953), 67 So.2d 220, and our recent decision in Perret v. Seaboard Coast Line Railroad Company, 299 So.2d 590, opinion filed July 3, 1974. In Perret we outlined the rules of law balancing a railroad's negligence with the contributory negligence of an automobile driver when considering proffered evidence concerning prior railroad crossing accidents.
The reasoning of Judge Mager upholding the admission of evidence of prior accidents in the instant cases accords more logically with the decisions relied on for conflict than with the reasoning of the District Court majority holding against admission of such evidence.
We also agree with Judge Mager that the testimony of the witness Stoll that on prior occasions to the accident herein he (Stoll) was not able to hear the train whistle was inadmissible.
We are inclined to disagree with Judge Mager concerning his observations pertaining to the unrelated death of plaintiff's (petitioner's) son some nine months prior to the collision. We think this evidence was inadmissible.
Our agreement with Judge Mager on the point concerning admission of evidence of prior accidents and the Florida cases he cites in support serves in this certiorari review to demonstrate decisional conflict warranting our opening the entire records of the cases and the giving of such judgment on the merits as appears just and proper.
From the evidence overall, we find the jury's verdict should stand as to liability on the part of respondent. However, in the matter of damages it is our view that in balancing the comparative effect of the evidence the trial judge, in exercising his discretion as to the admission of evidence, went too far by permitting introduction of the Stoll testimony referred to above and in allowing testimony of the unrelated death of petitioner's son.
Notwithstanding, we feel the ends of justice will best be served and a conclusion of this complex and protracted litigation will best be reached if we quash the decision of the District Court on condition of remittitur. It is our view the discretionary errors of the trial judge in permitting the erroneous items of evidence merely resulted in excessive damages that may be corrected by a remittitur without remand for a new trial.
Accordingly, it is ordered that the decision of the District Court be quashed and that the judgments of the trial court be reinstated provided petitioner-plaintiff agrees to a remittitur of $35,000 to be deducted from these judgments of the widow and administratrix totalling $191,259 to be prorated by the trial judge between these judgments; but if she refuses to so remit, *99 it is ordered that a new trial be had in accordance with the rationale of our opinion and judgment herein.
It is so ordered.
ADKINS, C.J., and ROBERTS, ERVIN and McCAIN, JJ., concur.
OVERTON, J., dissents with opinion with which BOYD and DEKLE, JJ., concur.
OVERTON, Justice (dissenting).
I agree that the evidence of prior accidents, under circumstances where the conditions were substantially similar, would be admissible to show the existence of a dangerous or defective condition and notice or knowledge thereof. It appears there is an issue of fact concerning whether the circumstances were substantially the same in the case sub judice. Assuming this testimony inadmissible, I do not feel this evidence in and of itself prejudiced the defendant to the extent that it would require a new trial.
I agree that the testimony of the witness Stoll relating to his observations concerning his inability to hear the train whistle on certain specified occasions was clearly inadmissible and that the testimony concerning the unrelated death of the plaintiff's son some nine months prior to the accident was also inadmissible.
It is my opinion that the inadmissible testimony, taken as a whole, contaminated this trial to the extent that we cannot allow this jury verdict to stand. I do not feel it proper under these circumstances for us to make a judgment of how much prejudice occurred by granting a remittitur, particularly when we do not have the superior vantage point of actually seeing and hearing the evidence. A new trial should be granted in this cause.
BOYD and DEKLE, JJ., concur.