323 So.2d 637 (1975)
DIXIE FARMS, INC., Appellant,
v.
Bobbie Jean TIMMONS et al., Appellees.
Richard B. SHAFFER and State Farm Mutual Automobile Insurance Company, Appellants,
v.
Bobbie Jean TIMMONS, Appellee.
Nos. 74-1761, 75-61, 75-73.
District Court of Appeal of Florida, Third District.
December 2, 1975.
Rehearing Denied January 14, 1976.
*638 Weinstein & Bavly and Arthur J. Morburger, Miami, for Dixie Farms, Inc.
Talburt, Kubicki & Bradley, Jeanne Heyward, Miami, for Shaffer and State Farm.
Horton, Perse & Ginsberg, Welsh & Carroll, Miami, for Bobbie Jean Timmons.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PEARSON, Judge.
These appeals arise out of the same automobile collision. The appellee in each case is the plaintiff, Bobbie Jean Timmons, *639 who received a final judgment on a jury verdict against the defendants Dixie Farms, Inc., and Richard B. Shaffer. Plaintiff Timmons was injured when a car driven by Shaffer struck her house after having collided in an intersection with another vehicle. Dixie Farms, Inc., was the lessee-operator, through its driver Fell, of a truck which had been improperly parked so that it obscured a stop sign. The evidence viewed most favorably to the judgment shows that Fell motioned Shaffer into the intersection and that Shaffer, relying upon Fell, improperly proceeded into the intersection and was struck by the second automobile.
Dixie Farms, Inc., as appellant, vigorously argues a claimed error by the trial court in allowing amendment to the complaint at the conclusion of the plaintiff's evidence to conform to the evidence presented. This procedure is authorized by RCP 1.190. Such an amendment is one that calls for the exercise of a trial court's careful discretion in order that the defendant may not be surprised by the introduction of issues by evidence for which he has not been able to prepare. See Surfside Hotel, Inc. v. W.E. Moorehead Co., 1942, 149 Fla. 397, 5 So.2d 857, and Penn Cork and Closures, Inc. v. Piggyback Shippers Association of Florida, Inc., Fla.App. 1973, 281 So.2d 46. We have carefully reviewed the record in the light of the contention of Dixie Farms that it was prejudiced by the ruling of the trial judge and we think that the record supports the action of the trial judge in that it affirmatively appears that the defendant Dixie Farms, Inc., was not surprised by proof that its employee was the person who waived Shaffer into the intersection. Therefore, we hold that no error has been shown under this point.
The only other point presented by Dixie Farms which we think merits discussion is its contention that the trial court committed reversible error when it failed to give any instruction on the law of respondeat superior as it applied to Dixie Farms' liability for the acts of its driver. This circumstance arose from the fact that the court at the charge conference stated that it would give plaintiff's instruction peremptorily holding Dixie Farms liable for the acts of its driver. This instruction was by inadvertence not read to the jury by the court. We hold that the error complained of was not prejudicial to defendant Dixie Farms. It affirmatively appears that the jury could have held defendant Dixie Farms liable only under the law that the master is responsible for the acts of its servant performed within the scope of employment. Therefore, the failure to instruct on this subject was harmless error. In addition, it has not been shown that the appellant requested an instruction on the subject nor does this record show that the matter of the absence of such instruction was ever presented to the trial court for its ruling during the progress of the trial or by motion for a new trial.
The remaining points presented by appellant Dixie Farms have been examined and found not to present reversible error.
Appellant Shaffer argues that as to the judgment against him, the verdict was against the manifest weight of the evidence because it shows no negligence on his part. Shaffer argues that because he was waived into the intersection and the stop sign was obscured by the Dixie Farms truck, he could not, therefore, be negligent. Such argument is not sustainable on this record. A driver does not have an absolute right to rely upon the judgment of a third person concerning whether he should proceed into a dangerous area with his automobile. Cf. Harris v. Kansas City Public Service Co., 1931, 132 Kan. 715, 297 P. 718, 720. The evidence before the jury is susceptible to a finding that Shaffer negligently proceeded around the truck and into the intersection without exercising ordinary care in order to avoid a collision. *640 Under these circumstances, an appellate court will not reverse a jury finding of negligence. See the rule in Graves v. Wiggins, Fla.App. 1972, 257 So.2d 268.
Affirmed.