436 So.2d 236 (1983)
LASAR MANUFACTURING COMPANY, INC., Appellant,
v.
Gary BACHANOV and Shearl Bachanov, His Wife, Appellees.
No. 82-218.
District Court of Appeal of Florida, Third District.
July 5, 1983.
Rehearing Denied September 6, 1983.
*237 Blackwell, Walker, Gray, Powers, Flick & Hoehl and Diane H. Tutt and James E. Tribble, Miami, for appellant.
Horton, Perse & Ginsberg and Arnold R. Ginsberg, Carroll, Halberg & Meyerson, William P. Cagney, III, Miami, for appellees.
Before HENDRY, HUBBART and NESBITT, JJ.
HENDRY, Judge.
Lasar Manufacturing Company appeals the denial of several post-trial motions following a jury trial in which it was the defendant. Because we find that prejudicial error occurred in the proceedings below, we remand this cause to the trial court for a new trial on damages only.
The facts of this case need be only briefly stated. Appellee was employed in the meat department of a large grocery store chain. A portion of his duties included grinding meat using a commercial grade meat chopper designed and manufactured by appellant. The design of the machine was such that an adult male could put his hand unimpeded into the throat of the grinder. While using the machine, appellee reached into the grinder to free a piece of meat which had become lodged, and his hand was pulled deeper into the machine and into contact with the chopping blade. As a result, appellee lost portions of the thumb and first three fingers on his right hand. Appellee, who was right-handed, now has a permanent disability. The evidence adduced at trial supported the jury's findings that appellant was negligent and that the meat chopper was defective when it left the possession of the appellant. The jury also found appellee to have been comparatively negligent, which negligence was assessed at 25 percent.
Appellant's main point on appeal is that the trial court erred in allowing the appellees, on the second day of the trial, to amend their complaint to conform with the evidence presented and to include a prayer for punitive damages. Appellant made a timely objection in the trial court to the motion for leave to amend, and on appeal argues strenuously that the appellant was surprised and prejudiced by the unexpected interjection of a new element of damages into a case already at trial. Appellees, for their part, assert that appellant was not prejudiced by the amendment, that the evidence already presented supported a claim for punitive damages, and that if appellant was not prepared to present a punitive damages defense, it could have moved for a continuance, which it did not do.
It is well settled that a trial court's decision to permit or refuse amendment to pleadings will not be disturbed on appeal in the absence of an abuse of discretion. Jos. Bucheck Construction Corp. v. W.E. Music, 420 So.2d 410 (Fla. 1st DCA 1982); Rooks v. Shader, 384 So.2d 681 (Fla. 5th DCA), rev. denied, 392 So.2d 1379 (Fla. 1980); City of Miami Beach v. Buckley, 363 So.2d 360 (Fla. 3d DCA 1978), cert. dism., 374 So.2d 98 (Fla. 1979); Versen v. Versen, 347 So.2d 1047 (Fla. 4th DCA 1977); Dixie Farms, Inc. v. Timmons, 323 So.2d 637 (Fla. 3d DCA 1975), cert. denied, 336 So.2d 1181 (Fla. 1976). Amendments to pleadings and amendments to conform with the evidence should be freely granted by the trial court unless by doing so, the opposing party will be prejudiced in maintaining his action or defense upon the merits. Rule 1.190(a), (b), Florida Rules of Civil Procedure. This liberality *238 in granting leave to amend diminishes as the case progresses to trial. Trustees of C.I. Mortgage Group v. City Housing Corp., 422 So.2d 323 (Fla. 4th DCA 1982) (Downey, J., dissenting); Allett v. Hill, 422 So.2d 1047 (Fla. 4th DCA 1982); Versen v. Versen, supra. Under Rule 1.190, a test of prejudice to the defendant is the primary consideration in determining whether a motion for leave to amend should be granted or denied. New River Yachting Center, Inc. v. Bacchiocchi, 407 So.2d 607 (Fla. 4th DCA 1981), rev. denied, 415 So.2d 1360 (Fla. 1982); Wackenhut Protective Systems, Inc. v. Key Biscayne Commodore Club Condominium I, Inc., 350 So.2d 1150 (Fla. 3d DCA 1977); Penn Cork & Closures, Inc. v. Piggyback Shippers Ass'n of Florida, Inc., 281 So.2d 46 (Fla. 3d DCA 1973). As stated in Dixie Farms v. Timmons, supra,
[A]n amendment [of the complaint at the end of plaintiff's evidence to conform to the evidence presented] is one that calls for the exercise of a trial court's careful discretion in order that the defendant may not be surprised by the introduction of issues by evidence for which he has not been able to prepare.
Id. at 639.
We find that allowing the appellees to amend their complaint to add a claim for punitive damages halfway through the trial was a prejudicial error which permeated the remainder of the trial. We therefore reverse the jury's award of damages and remand to the trial court for a new trial on damages only. Appellees should be given leave to amend their complaint, if they so desire, to include a prayer for punitive damages. Such an amendment will relate back to the date of the filing of the original complaint. Rule 1.190(c), Florida Rules of Civil Procedure.
Appellant's second point on appeal contests the trial court's decision to allow testimony from two men who had also been injured using appellant's meat grinder and the admission of two additional complaints filed against appellant by two other people injured by the same model grinder. Appellant argues that the presence of the two witnesses inflamed the passions of the jurors by allowing them to see the badly injured hands of these two men. Appellant also asserts that the two complaints, on their face, did not establish sufficiently substantial similarity of circumstances, conditions, or causes to be admissible as evidence in this trial. Appellees argue that the complaints and testimony were used to impeach appellant's assertion that it had no knowledge of defects in the product prior to the accident which gave rise to the instant lawsuit.
A trial court's decision to admit evidence of prior accidents occurring under substantially similar conditions is again within the sound discretion of the trial court and will not be disturbed on appeal absent a showing of abuse. Detroit Marine Engineering, Inc. v. Maloy, 419 So.2d 687 (Fla. 1st DCA 1982); Department of Transportation v. Webb, 409 So.2d 1061 (Fla. 1st DCA 1981), rev. denied sub nom Seaboard Coast Line R. Co. v. Webb, 419 So.2d 1200 (Fla. 1982); I.B.L. Corp. v. Florida Power & Light Co., 400 So.2d 1288 (Fla. 3d DCA 1981), rev. denied, 412 So.2d 466 (Fla. 1982); Seaboard Coast Line Railroad Co. v. Friddle, 290 So.2d 85 (Fla. 4th DCA), rev'd, 306 So.2d 97 (Fla. 1974) (adopting dissenting opinion). As a general rule, evidence of the occurrence or non-occurrence of a prior accident is admissible where it pertains to the use of the same type of appliance or equipment under substantially similar conditions. Such evidence is admissible, if the accident is not too remote in time, for the purpose of showing the dangerous character of the instrument and defendant's knowledge thereof. Perret v. Seaboard Coast Line Railroad Co., 299 So.2d 590 (Fla. 1974); Bucyrus-Erie Co. v. Hessey, 421 So.2d 672 (Fla. 3d DCA 1982); Corbett v. Seaboard Coast Line Railroad Co., 375 So.2d 34 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1202 (Fla. 1980); Warn Industries v. Geist, 343 So.2d 44 (Fla. 3d DCA), cert. denied, 353 So.2d 680 (Fla. 1977). In Seaboard Coast Line Railroad v. Friddle, supra, Judge Mager, in his dissenting opinion, stated that "evidence of prior and subsequent accidents is admissible ... *239 (3) where the offer of evidence is to prove not negligence but notice of the dangerous character of the condition." Id. at 89, aff'd, 306 So.2d 97 (Fla. 1974). See also Reinhart v. Seaboard Coast Line Railroad Co., 422 So.2d 41 (Fla. 2d DCA 1982).
In the instant case appellant stated that it had no knowledge of the defective condition of the meat grinder prior to appellant's accident. The trial court properly admitted evidence showing this to be incorrect. The trial court instructed the jury, with respect to the two complaints admitted into evidence, that it was to consider the complaints for the purpose of deciding the issue of notice only. Additionally, the prior accidents, as described by the complaints and the witnesses, were substantially identical to the accident which befell the appellee. We find that the trial court was eminently correct in allowing the admission of the complaints and the testimony of the witnesses into evidence. We therefore affirm.
Affirmed in part, reversed in part, remanded for a new trial on the issue of damages only.