481 So.2d 965 (1986)
FLORIDA EAST COAST RAILWAY COMPANY, Appellant,
v.
Sanford SHULMAN, Appellee.
No. 84-1722.
District Court of Appeal of Florida, Third District.
January 14, 1986.
Corlett, Killian, Hardeman, McIntosh & Levi and Leanne J. Frank, Miami, for appellant.
Horton, Perse & Ginsberg and Edward A. Perse, Virgin & Kray, Miami, for appellee.
*966 Before BARKDULL, HENDRY and FERGUSON, JJ.
PER CURIAM.
Defendant Florida East Coast Railway Company (FEC) appeals a jury verdict in favor of Sanford Shulman in his negligence action against FEC.
Mr. Shulman sued FEC for personal injuries sustained when he stepped into a hole located on FEC property. Mr. Shulman claimed that he was a business invitee, that the accident occurred at 1:30 a.m. on March 2, 1981, and that he was working for Edward Don & Company at the time. Edward Don & Company leased the property where the accident occurred from FEC.
At trial, Mr. Shulman testified that he stepped into the hole while exiting the cab portion of a truck. He said the hole was approximately two feet wide and three feet deep. Mr. Shulman and his co-workers testified that they saw many holes on the subject property prior to the accident. Mr. Shulman testified that approximately a year after the accident, he went to the site with an FEC representative. He pointed to two spots where he believed the hole had been located. The first spot was on FEC property and the second spot was not on its property. Later, Mr. Shulman pointed out a third spot to a surveyor as being the place where he believed the hole had been located. The surveyor conducted a survey for use in the lawsuit. The surveyor testified that the spot Mr. Shulman had indicated as being the location of the hole was six inches to one foot within FEC property. He testified that FEC owned a sixty-two foot right-of-way. One plat of the area showed a sixty-two foot railway easement. Another recorded plat showed a fifty-two and one-half foot easement belonging to the railway. A deed offered in evidence showed that FEC owned sixty feet of the sixty-two foot right-of-way.
A co-worker of Mr. Shulman testified that Mr. Shulman told him two different stories regarding how he was injured. He said Mr. Shulman first told him that he fell off the back of a truck and then later told him that he jumped down a hole. Another co-worker testified that Mr. Shulman told him that his injuries occurred when he fell off the warehouse loading dock. Testimony was offered that FEC's maintenance personnel regularly checked the right-of-way area and were charged with filling holes and cleaning up debris.
At the close of Mr. Shulman's case, the railway moved for a directed verdict on the ground that no evidence had been offered that Mr. Shulman was a business invitee upon the subject property. The trial court denied the motion and, sua sponte, allowed Mr. Shulman to amend his complaint to allege he was a licensee. The railway then moved for a directed verdict on the basis that, to recover as a licensee, Mr. Shulman had to prove that the railway had prior knowledge of the hole and that the hole was not open and obvious. The trial court reserved its ruling on this motion.
At the close of all the evidence, the railway renewed its earlier motion for a directed verdict and, as an additional ground, claimed the incident did not occur on its property. The trial court denied the motion. The jury returned a verdict for Mr. Shulman awarding him $100,000 in damages, reduced by 50 percent for his comparative negligence.
Subsequently, the railway moved for a judgment notwithstanding the verdict or for a new trial on the ground that the verdict was against the manifest weight of the evidence. This motion was denied.
On appeal, FEC contends that the verdict was against the manifest weight of the evidence in that Mr. Shulman failed to prove that FEC had prior knowledge of the hole, that the hole was not open and obvious, and that the hole was on FEC property. We find we must disagree.
Our review of the record convinces us that the verdict was not against the manifest weight of the evidence. Although contradictory evidence was offered, there was evidence that the FEC regularly checked the area and so, could have had prior knowledge of the hole; that the hole was *967 not open to ordinary observation, as Mr. Shulman had failed to see it; and that it was located on FEC property, as the surveyor so testified.
We cannot say that a jury of reasonable men and women could not have returned the verdict that this jury did. An appellate court cannot substitute its judgment for that of the jury on disputed questions of fact. Demps v. State, 462 So.2d 1074 (Fla. 1984); Goldfarb v. Robertson, 82 So.2d 504 (Fla. 1955); Malt v. Deese, 399 So.2d 41 (Fla. 4th DCA 1981); Hiestand v. Geier, 396 So.2d 744 (Fla. 3d DCA), pet. for rev. denied, 407 So.2d 1103 (Fla. 1981). If there is any competent evidence to support a verdict, that verdict must be sustained regardless of the appellate court's opinion as to its appropriateness. Helman v. Seaboard Coast Line Railroad Co., 349 So.2d 1187 (Fla. 1977); Jimenez v. Gulf & Western Manufacturing Co., 458 So.2d 58 (Fla. 3d DCA 1984); Miami Herald Publishing Co. v. Frank, 442 So.2d 982 (Fla. 3d DCA 1983), pet. for rev. denied, 469 So.2d 125 (Fla. 1985).
FEC further contends that the trial court erred in allowing Mr. Shulman to amend his complaint, after he had rested his case, to allege that he was a licensee upon the property. It argues that it was prejudiced by the allowance of that amendment.
We are guided by the general rule that a trial court's decision to permit or refuse amendments to pleadings will not be disturbed on appeal in the absence of an abuse of discretion. McSwiggan v. Edson, 186 So.2d 13 (Fla. 1966); Costa Bella Development Corp. v. Costa Development Corp., 445 So.2d 1090 (Fla. 3d DCA 1984); Lasar Manufacturing Co. v. Bachanov, 436 So.2d 236 (Fla. 3d DCA 1983). Furthermore, we note that:
[a]mendments to pleadings and amendments to conform with the evidence should be freely granted by the trial court unless by doing so, the opposing party will be prejudiced in maintaining his action or defense upon the merits. Rule 1.190(a), (b), Florida Rules of Civil Procedure. This liberality in granting leave to amend diminishes as the case progresses to trial.
Lasar Manufacturing Co. v. Bachanov, 436 So.2d at 237-238.
We conclude that the trial court did not abuse its discretion in permitting Mr. Shulman to amend his complaint after he had rested his case. No prejudice to FEC resulted from the amendment, as the basic cause of action had not changed. The only change was that Mr. Shulman was claiming that FEC owed him a lesser duty of care.[1] Leave to amend shall be freely given, particularly where the amendment is based upon the same conduct, transaction and occurrence which is the basis of the plaintiff's original pleading. Pasekoff v. Kaufman, 392 So.2d 971 (Fla. 3d DCA 1981); Knipp v. Weinbaum, 351 So.2d 1081 (Fla. 3d DCA 1977), cert. denied, 357 So.2d 188 (Fla. 1978); Turner v. Trade-Mor, Inc., 252 So.2d 383 (Fla. 4th DCA 1971).
We have considered the other issues raised by appellant and find that they fail to demonstrate reversible error.
For the foregoing reasons and based upon the authorities cited, the judgment of the trial court is affirmed.
Affirmed.
NOTES
[1] The duty of care a landowner owes a visitor on his premises is determined by the status of the visitor. Post v. Lunney, 261 So.2d 146 (Fla. 1972). A landowner owes a licensee the duty to avoid wanton and willful harm to him and the additional duty of warning him of a defect or condition known by the landlord to be dangerous when such danger is not open to ordinary observation. Morris v. Florentes, Inc., 421 So.2d 582 (Fla. 5th DCA 1982); Florida East Coast Railway Co. v. Gonsiorowski, 418 So.2d 382 (Fla. 4th DCA 1982), pet. for rev. denied, 427 So.2d 736 (Fla. 1983). Where the visitor is an invitee, the landowner must keep his property reasonably safe and protect the visitor from dangers of which he is, or should be, aware. Post v. Lunney, 261 So.2d at 147.