BARKDULL, Judge.
In 1982 the appellee filed a personal injury action seeking damages as a result of a slip and fall on the premises owned by the appellant, in which she alleged she was a tenant. The slip and fall being caused by debris falling from the ceiling, a condition of which the landlord was aware. Early in the proceeding the defendant propounded interrogatories to the plaintiff as to her loss of wages, loss of earning capacity and the aggravation of a pre-existing physical condition. These were all responded to in the negative.[1] After the trial proceeding commenced the plaintiff sought to amend her pleading to seek special damages for loss of wages, loss of earning capacity, and aggravation of a pre-existing condition.[2] The defendant objected, calling the court’s attention to Rule 1.120(g) Florida Rules of Civil Procedure[3]; and several authorities.[4] The trial court inquired as to the possible prejudice. The defendant responded that certainly as to the loss of earning capacity it could have had defense witnesses. No request for a continuance was made. The trial court permitted the amendment to the pleadings but indicated there would be a special interrogatory verdict as to the loss of earnings, loss of earning capacity and general damages for the injury. The jury returned the verdict for the plaintiff, awarding damages as follows:
“4. What is the total amount (100%) of any damages sustained by ADDIE NU-NALLY, and caused by the incident in question?
Total damages of ADDIE
NUNNALLY? $100,000
4(a) Of this amount, what are the damages, if any, you have found the plaintiff sustained for:
lost wages $ 50,000
loss of earning capacity $ 25,000”
Subsequently, the final judgment thereon was rendered and this appeal ensued. The appellant has raised several issues on appeal, none of which we find to have merit, save and except the alleged error in permitting the amendment at the opening of the trial to include a claim for special damages. It has been held that it is automatic reversible error for the trial court to permit evidence of special damages without a pleading claiming such. Alderman v. Murphy, 486 So.2d 1384 (Fla. 4th DCA 1986); Ephrem v. Phillips, 99
*319 So.2d 257 (Fla. 1st DCA 1957). We hold that it was an abuse of discretion to permit an amendment to the pleading at the late stage in the instant case, particularly in light of the fact that the plaintiff had lulled the defendant into a situation where it had good reason to believe that she was not claiming these items of special damage for a period in excess of five years, and she did not bring forth these claims until after the trial commenced. The verdict in this case, because of the specials, was four times the amount of the general damages. This in and of itself indicates a substantial change in claims made by the plaintiff at a very late hour, which had to be responded to by the defense.
In the cases relied upon by the ap-pellee, Surfside Hotel, Inc. v. W.E. Moore-head Company, Inc., 149 Fla. 397, 5 So.2d 857 (1942); Florida East Coast Railway Company v. Shulman, 481 So.2d 965 (Fla. 3d DCA 1986); Dixie Farms, Inc. v. Tim-mons, 323 So.2d 637 (Fla. 3d DCA 1975), there was no objection made, nor do they demonstrate that the amendment sought special damages. We do not believe it necessary to preserve error for the defendant to ask for a continuance when a timely objection was made as to the propriety of the amendment seeking special damages, even though same may be required when objecting to an amendment which changes the theory of a case. Compare Batista v. Walter & Bernstein, P.A., 378 So.2d 1321 (Fla. 3d DCA 1980).
Therefore, for the reasons above stated, the matter is returned to the trial court for a new trial on damages.
Reversed and remanded for further proceedings.

."25. Exactly how much income, if any, have you lost to date, as a result of the subject accident or incident? State each item claimed and include in your calculation lost income and the method used in your calculation of lost income.
A. None.
(a) If you have lost time from work, please state the number of days, give the exact date, month and year of each day lost.
A. None.
14. Describe your physical condition immediately before the happening of this accident or incident which is the subject matter of this lawsuit.
A. None.
19. Describe all accidents you were involved in and all personal injuries you sustained before the happening of the instant accident or incident.
A. None.
20. Describe any and all infirmities and disabilities you had whether caused by accident or not, which you had immediately prior to the happening of this accident.
A. Not applicable.”

. The amendment was sought pursuant to Rule 1.190(b) Fla.R.Civ.P. which reads in part as follows:
RULE 1.190 AMENDED AND SUPPLEMENTAL PLEADINGS
(b) Amendments to Conform with the Evidence.If the evidence is objected to at
the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended to conform with the evidence and shall do so freely when the merits of the cause are more effectually presented thereby and the objecting party fails to satisfy the court that the admission of such evidence will prejudice him in maintaining his action or defense upon the merits.

. RULE 1.120 PLEADING SPECIAL MATTERS (g) Special Damage. When items of special damage are claimed, they shall be specifically stated.

. Alderman v. Murphy, 486 So.2d 1334 (Fla. 4th DCA 1986); and Ephrem v. Phillips, 99 So.2d 257 (Fla. 1st DCA 1957).