553 So.2d 1245 (1989)
AZEMCO (NORTH AMERICA), INC., Appellant,
v.
Kenneth Maurice BROWN and Jacqueline Brown, Appellees.
No. 89-241.
District Court of Appeal of Florida, Third District.
September 26, 1989.
Rehearing Denied January 10, 1990.
Frates, Bienstock & Sheehe, Terry Bienstock and James C. Cunningham, Jr., Miami, for appellant.
Truman A. Skinner and Jeffrey W. Johnson, Miami, for appellees.
Before NESBITT, COPE and GERSTEN, JJ.
PER CURIAM.
Azemco appeals the denial of its motion to amend its answer and to state affirmative defenses. We reverse.
The underlying action involved here was instituted by Azemco some six years ago. Appellee Brown raised various counterclaims. The only claim relevant to this appeal is that for breach of contract based on Azemco's termination of Brown's employment in 1983. Over the years, Brown's counterclaim suffered five dismissals before it withstood a motion to dismiss. Azemco's motion to dismiss Brown's fifth amended counterclaim was denied and in February 1988, Azemco served its answer and affirmative defenses. In December 1988, Azemco moved, for the first time, for leave to amend its affirmative defenses to include mitigation of damages and bar by the Statute of Frauds. The motion was heard on January 4, 1989, on the first day of trial prior to jury selection. The trial judge found prejudice and denied the motion to amend. The jury returned a verdict for Brown on the breach of employment contract claim. Azemco now appeals.
According to Florida Rule of Civil Procedure 1.190(a), "Leave of court [to amend pleadings] shall be given freely when justice so requires." A trial judge's decision to permit or deny amendment to pleadings will not be disturbed on appeal in the absence of an abuse of discretion. E.g., Lasar Mfg. Co., Inc. v. Bachanov, 436 So.2d 236 (Fla. 3d DCA 1983). While it is true that "liberality in granting leave to amend diminishes as the case progresses to trial," Id. at 238 and cases cited therein, "[a]t every stage of the action the court must *1246 disregard any error or defect in the proceedings which does not affect the substantial rights of the parties." Fla.R.Civ.P. 1.190(e).
While we understand the trial judge's reluctance, on the first day of trial, to further postpone this case which had been pending for some six years, we hold that the judge abused his discretion in failing to permit defendant to amend its answer for the first time to raise its additional affirmative defenses. We base this holding on the conclusion that the opposing party could not have been surprised or prejudiced by the defenses.
As to the mitigation of damages issue, while the substantive law requires the plaintiff employee in a breach of employment contract suit to mitigate damages, the defendant employer has the burden of proof to show the amount by which plaintiff did or could have mitigated his damages. Juvenile Diabetes Research Found v. Rievman, 370 So.2d 33, 36 (Fla. 3d DCA 1979). In April 1988, employer Azemco served on Brown a request for production of all his income tax returns from 1984 to present. The trial court later compelled Brown to produce the returns. This action of seeking to determine Brown's salary after he left Azemco's employment, put Brown on actual notice that Azemco regarded mitigation of damages as an issue. Thus, granting Azemco's later motion to amend its affirmative defenses to include mitigation of damages would not have prejudiced Brown or delayed the trial since he had actual notice of the possibility that the defense would be raised and since discovery had been virtually completed on this issue.
Regarding the Statute of Frauds defense, some seven weeks prior to the trial court's hearing argument on Azemco's motion to amend its affirmative defenses, Azemco served Brown with a motion for summary judgment based on its claim that the contract action was barred by the Statute of Frauds. This move put Brown on actual notice of the claim. Thus, Brown could not have been surprised or prejudiced by Azemco's later motion to include this claim as an affirmative defense.
Accordingly, having found the trial judge abused his discretion in refusing to grant the motion to amend, we reverse and remand the cause for a new trial on the breach of employment contract claim.