602 So.2d 976 (1992)
OHIO CASUALTY INSURANCE COMPANY, Appellant,
v.
MRK CONSTRUCTION, INC., Appellee.
No. 91-01712.
District Court of Appeal of Florida, Second District.
July 10, 1992.
Rehearing Denied August 20, 1992.
*977 Dan B. Guernsey of Welbaum, Zook & Jones, Miami, for appellant.
Clifton C. Curry, Jr., and Joseph Dato, Jr., of Law Offices of Curry & Associates, P.A., Brandon, for appellee.
SCHOONOVER, Judge.
The appellant, Ohio Casualty Insurance Company, challenges a final judgment awarding the appellee, MRK Construction, Inc., $45,662.34 together with interest, costs, and attorney's fees. We reverse and remand for a new trial.
Klosterman Kommons Associates, Ltd. and Dentmon & Kelly, a general contractor, entered into a contract for the construction of a warehouse on Klosterman Kommons' property. The appellant was the surety on a payment and performance bond that the contractor provided to Klosterman Kommons. Dentmon & Kelly then entered into a subcontract with MRK. The subcontract required MRK to furnish the concrete, masonry, and related labor and materials for the project.
On April 12, 1989, MRK filed a claim of lien. The claim was executed by Michael Kretzinger, the sole owner and president of MRK. In the sworn claim of lien, MRK claimed that it was owed $45,662.34 and that it had commenced performance of the contract on May 4, 1988, and furnished the last labor or materials on January 30, 1989.
When all those concerned could not settle their differences, MRK filed an action against Klosterman Kommons, Dentmon & Kelly (neither of whom is a party to this appeal), and Ohio Casualty. The complaint, filed on April 11, 1990, sought to foreclose MRK's claim of lien. The claim of lien, stating that the last labor or materials were furnished on January 30, 1989, was attached to the complaint. The complaint also contained an allegation that MRK last furnished labor, services, and materials to the project on or about January 30, 1989. Ohio Casualty answered the complaint and filed an affirmative defense contending that the action was not brought within the time allowed by law. MRK then filed a responsive pleading denying the affirmative defenses.
During the nonjury trial, Ohio Casualty objected to testimony that the last work or services provided under the contract was performed in May 1989 on the grounds that this evidence was outside the confines of the pleadings. MRK then made a motion to amend its complaint to reflect the new date of completion. Ohio Casualty objected to the amendment on the basis that the affirmative defense of statute of limitations had been raised almost a year prior to trial and that MRK should have moved to amend prior to trial. Ohio Casualty's objection was overruled and MRK was allowed to amend the complaint. At the conclusion of the trial, the court found for MRK and entered a final judgment in its *978 favor. Ohio Casualty filed a timely notice of appeal.
If Ohio Casualty's bond was a statutory bond, and we agree with the parties that the trial court did not specifically find that it was, Ohio Casualty, based upon MRK's complaint and claim of lien, had a valid defense to MRK's action. Section 713.23(1)(f), Florida Statutes (1987), provides that no action for labor or materials or supplies may be instituted or prosecuted against the surety on a statutory bond unless it is instituted within one year of the date of performance of the labor or completion of delivery of the materials and supplies. MRK's sworn claim of lien and the allegations of the complaint alleged a date outside of this time limit. Ohio Casualty relied on these allegations in defending the lawsuit.
It is well settled that in the absence of an abuse of discretion, a trial court's decision to permit or refuse amendments to pleadings will not be disturbed on appeal. Florida East Coast Ry. v. Shulman, 481 So.2d 965 (Fla. 3d DCA 1986); Lasar Mfg. Co. v. Bachanov, 436 So.2d 236 (Fla. 3d DCA 1983). In this case, however, we find that the trial court abused its discretion in allowing MRK to amend its complaint during the middle of the trial. By so ruling, the trial court essentially eliminated one of Ohio Casualty's defenses and then did not give it an opportunity to prepare a defense to the amended complaint.
The law favors the trial of cases on their merits and, therefore, a liberal policy of allowing litigants freedom to amend their pleadings exists. Hatcher v. Chandler, 589 So.2d 428 (Fla. 1st DCA 1991). This liberal policy of allowing amendments is recognized in the Florida Rules of Civil Procedure. Florida Rule of Civil Procedure 1.190(e) provides that in the furtherance of justice, upon such terms as may be just, the court may at any time permit a pleading to be amended. This liberality in granting leave to amend diminishes, however, as the case progresses to trial. Bachanov. Once the trial has commenced, the right to amend is controlled by rule 1.190(b). Under that rule, if evidence is objected to on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended to conform with the evidence. The court shall do so freely when the merits of the cause are more effectually presented thereby. The court may only do so, however, if the objecting party fails to satisfy the court that the admission of such evidence will prejudice him in maintaining his action or defense upon the merits.
Ohio Casualty established that it was prejudiced by the amendment. Prior to the amendment, based upon the existing pleadings, Ohio Casualty had a valid defense to the action if the court determined that its bond was a statutory bond. By allowing the amendment to the complaint, this defense, which had been pending for over a year, was eliminated. Since Ohio Casualty established that it would be prejudiced in its defense if the amendment was allowed during trial, there existed no just terms under which the amendment could be allowed, and the court erred by granting MRK's motion to amend. See Fla.R.Civ.P. 1.190(b), (e).
The appellant agrees that, even if we were so inclined, we cannot at this time order the court to enter a verdict in its behalf. We, accordingly, reverse and remand for a new trial. See Freshwater v. Vetter, 511 So.2d 1114 (Fla. 2d DCA 1987); Bachanov; Kersey v. City of Riviera Beach, 337 So.2d 995 (Fla. 4th DCA 1976). Upon remand, MRK should be allowed to amend its complaint and Ohio Casualty must be afforded an opportunity to respond to that complaint and have an opportunity to prepare its defense.
Reversed and remanded with instructions.
DANAHY, A.C.J., and FRANK, J., concur.