646 So.2d 831 (1994)
CARNIVAL CRUISE LINES, INC., Appellant,
v.
Jose NUNEZ, Appellee.
No. 93-2886.
District Court of Appeal of Florida, Third District.
December 14, 1994.
*832 Keller, Houck & Shinkle, Hicks, Anderson & Blum and Alyssa Campbell, Miami, for appellant.
Charles R. Lipcon, Cooper & Wolfe and Sharon L. Wolfe and Christine M. Ng, Miami, for appellee.
Before BARKDULL, LEVY and GREEN, JJ.
PER CURIAM.
Carnival Cruise Lines, Inc. ("Carnival") appeals an adverse final judgment entered pursuant to a jury verdict in a personal injury action. Of four issues raised by Carnival on appeal, we deem only one to merit a new trial.
Jose Nunez ("Nunez") worked as a pantryman aboard one of Carnival's cruise ships at the time of his accident. His primary responsibility aboard the ship was the preparation of salads for the ship's passengers. While performing his duties in April, 1990, Nunez scraped the shin of his left leg on the chipped edge of a carton containing produce. The scrape ultimately developed into an ulcer.
Prior to this accident and his employment with Carnival, Nunez suffered from varicose veins and venous insufficiency (i.e. poor blood circulation which causes the veins to bulge). Carnival was aware of Nunez's varicose vein problem at the time of Nunez's employment.
Nunez instituted the action below for damages related solely to the scrape or ulcer on his left leg. Nunez never alleged in the complaint that the scrape or ulcer aggravated his preexisting varicose vein condition.[1] *833 In response to one of Carnival's interrogatories which asked Nunez to describe each injury to which he was claiming damages, Nunez recited only the left leg ulcer and never mentioned any aggravation of his preexisting varicose vein condition. Additionally, at the first trial of this cause on this same complaint,[2] Nunez never claimed that his preexisting varicose vein condition was aggravated by the April, 1990 accident, nor sought damages for the same. Still further, and most interesting, prior to the trial below, Nunez filed a motion in limine seeking to exclude any reference to a pre-April, 1990 broken varicose vein in his left leg as irrelevant to the issue of whether he sustained damages in the April, 1990 accident.[3]
During the hearing on pretrial motions, the trial court sua sponte inquired whether Nunez was claiming that his injuries from the accident aggravated his varicose vein problems. In response to this inquiry, counsel for Nunez for the first time in these proceedings responded in the affirmative. Upon hearing this, Carnival's counsel strenuously objected and pointed out that Nunez had never previously made this allegation and that Carnival was not prepared to defend against this claim at this late stage in the proceedings. Carnival then requested a continuance of the trial if the court was inclined to allow Nunez to assert a claim for the aggravation of a preexisting injury. The trial court denied the motion for continuance and proceeded with jury selection.[4]
The trial court, over defense objection, permitted Nunez to litigate a claim for aggravation of a preexisting condition. At the close of the evidence, Nunez sought and was granted leave to amend his complaint pursuant to Florida Rule of Civil Procedure 1.190(b),[5] to include this claim.
Carnival argues on appeal that the trial court abused its discretion in denying its motion for a continuance of the trial after it permitted Nunez to amend his complaint after the trial had begun. Under the facts and circumstances of this case, we must agree and reverse for a new trial.
To begin with, a claim for special damages such as the aggravation of a preexisting condition must be pled and it is per se reversible error for a trial court to permit evidence of such damages absent a pleading claiming such. MGH Enter., Inc. v. Nunnally, 536 So.2d 317 (Fla. 3d DCA 1988) (citing Alderman v. Murphy, 486 So.2d 1334 (Fla. 4th DCA 1986)); Ephrem v. Phillips, 99 So.2d 257 (Fla. 1st DCA 1957). It is certainly within the discretion of the trial court under Rule 1.190 to permit a party to amend a complaint to conform to the evidence even after the trial has begun.
A trial court's decision to permit or to refuse amendments to pleadings to conform to the evidence introduced at trial will ordinarily not be disturbed on appeal in the absence of an abuse of discretion. Ohio Casualty Ins. Co. v. MRK Constr., Inc., 602 So.2d 976 (Fla. 2d DCA 1992); Holy Temple Church v. Maxwell, 578 So.2d 877 (Fla. 1st DCA 1991); Florida East Coast Ry. v. Shulman, *834 481 So.2d 965 (Fla. 3d DCA 1986); Lasar Mfg. Co., Inc. v. Bachanov, 436 So.2d 236 (Fla. 3d DCA 1983). Under Rule 1.190, a test of prejudice to the defendant is the primary consideration in determining whether a motion for leave to amend should be granted or denied. Lasar Mfg. v. Bachanov, 436 So.2d at 238.
We find that Carnival was prejudiced by Nunez's eleventh hour amendment of his complaint to include special damages. Prior to the start of the second trial, Nunez had never given Carnival any reason to believe that he was seeking damages for the alleged aggravation of his preexisting varicose vein condition. To the contrary, all indications from Nunez's complaint, responses to discovery and pretrial motion in limine lulled Carnival into believing that Nunez's damages stemmed solely from the leg ulcer sustained in the accident. Consequently, through no fault of its own, Carnival was not in a position to adequately defend against this claim. We therefore conclude that the trial court's denial of Carnival's motion for a continuance of the trial was an abuse of discretion. Accordingly, we reverse and remand for a new trial on the amended complaint.
Reversed and remanded.
NOTES
[1] We reject Nunez's argument on appeal that the following allegations in the complaint sufficiently pled the aggravation of his preexisting varicose vein condition:

... Failure to provide prompt and timely medical care which aggravated Plaintiff's injuries and caused him additional pain and disability.
* * * * * *
... Defendants failed to promptly provide plaintiff with a prompt, adequate and complete medical care. Defendants' failure contributed to Plaintiff suffering additional pain, disability and/or prolonged Plaintiff's recovery.
With these allegations, Nunez was clearly alleging only that Carnival's failure to provide prompt and adequate medical care exacerbated the injuries he sustained as a result of the April, 1990 accident.
[2] The trial below was the second trial of this cause after the first trial resulted in a mistrial for unrelated reasons.
[3] Nunez presumably filed this motion in anticipation of Carnival's defense that the true cause of Nunez's medical problems was his varicose veins and venous insufficiency and not the leg ulcer from the April, 1990 accident.
[4] Although the trial court did not explicitly deny the motion as Nunez argues, we must construe the Court's proceeding to jury selection as an implicit denial of Carnival's motion for a continuance.
[5] This rule provides in pertinent part that:

... If the evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended to conform with the evidence and shall do so freely when the merits of the cause are more effectually presented thereby and the objecting party fails to satisfy the court that the admission of such evidence will prejudice the objecting party in maintaining an action or defense upon the merits.