THOMPSON, Judge.
George P. Voll (Voll) and Bridget Voll appeal a final judgment in favor of Charles Randazzo (Randazzo) and Mary Randazzo in their action against the Volls. Because we find there was competent substantial evidence that Voll breached his fiduciary duty to the Randazzos, and that he and Bridget Voll conspired to perpetrate a fraud on the Randazzos, we affirm the final judgment, except that we strike the portion of paragraph one of the judgment imposing liability against Bridget Voll as to count one.
The Randazzos filed a three count complaint against the Volls, Florida Acquisitions Inc., and Lynn Mumford. Florida Acquisitions, Inc., was a corporation owned by Voll, and of which Bridget Voll was president. Mumford was paid a fee to serve as the registered broker for G & B properties, a company owned by Voll and through which he was selling real estate. Count one alleged breach of fiduciary duty against Voll and Mumford, count two alleged that Voll and Bridget Voll conspired to perpetrate a fraud by abuse of fiduciary relationship, and count three sought to impose a vendor’s lien against certain real property. The parties eventually stipulated to the dismissal of count three as moot.
Randazzo testified that in August 1991, on the advice of Voll, he signed a contract to sell real property on Interstate 4 to a buyer who was not a party to this action. Randazzo and his son met with the Volls in a restaurant in Deland. The Volls made an offer of $555,-000, Randazzo stated he wanted $825,000, and the Volls raised the offer to $650,000. In addition, Voll induced Randazzo to sign the $650,000 contract by representing that it was merely a “stepping stone” to a contract for $825,000. Voll explained that the buyer could obtain building permits and financing faster if they closed on the $650,000 contract first. Later, the $825,000 contract would be used to obtain financing from another bank. The funds could be used to pay off the first bank and the Randazzos would receive an additional $175,000, less an additional commission for Voll. Although Bridget Voll did *894 not make any representations to Randazzo, she filled out the contract and prepared the addendum by hand. She also read the contract to Randazzo, whose vision was damaged due to retinopathy.
The Randazzos also signed a contract for $825,000 on Voll’s advice. Voll assured the Randazzos that they did not need an attorney or a contract tying together the two sale contracts.
At one point Charles Randazzo was told that the first bank would not finance the $650,000 purchase, but that the second bank had agreed to finance the $825,000 purchase. Randazzo was surprised, therefore, when Voll announced that the closing would take place at the first bank, but Voll explained that he had met with officials of the bank. Randazzo was also surprised at the presentation of the $650,000 contract instead of the $825,000 contract. The Randazzos closed on the $650,000 contract after being assured by Voll that a closing on the $825,000 contract would occur. Randazzo did not completely understand the transactions, but Voll told him “not to worry about it.” Randazzo understood that the buyer needed to obtain building permits before closing on the $825,-000 contract, and Voll assured him that they would be obtained quickly.
Another surprise for Randazzo was George Voll’s announcement at the closing on the $650,000 contract that he no longer represented the Randazzos. Nevertheless, Voll continued to reassure Randazzo that the $650,000 contract was only a stepping stone to the $825,000 contract. Voll also promised to obtain the permits himself. Despite these assurances, the permits were never obtained. Instead, now acting as agent for the buyer, Voll “turned around and sold the 1-4 property.” Voll never told the Randazzos that the second closing would not occur, even when the Randazzos asked him about the “For Sale” sign they saw on the property.
An addendum to the $650,000 contract provided that the commission would be paid outside of the closing because, contrary to previous plans, the buyer’s cash down payment was not sufficient to cover the commission. In order to be paid his commission, therefore, Voll proposed that Randazzo transfer to Voll four other lots that Randazzo owned. Voll represented that he would sell the lots for $25,000 each. Out of the $100,-000 proceeds, Voll represented, he would pay $6,000 in expenses, $55,000 to himself as commission on the 1-4 property, $10,000 to himself as commission on the four lots, and give the remaining proceeds to the Randaz-zos. The Randazzos agreed to this proposal, and shortly after the $650,000 closing on the 1-4 property, conveyed the four lots to Voll. Randazzo questioned Voll about getting a contract which described the parties’ agreement relative to the four lots, but Voll kept putting Randazzo off and never gave him a straight answer. At the time he signed the deeds, Randazzo’s vision had not improved.
The Randazzos later learned that they had actually transferred the lots to Florida Acquisitions. They also learned that the Volls mortgaged the lots immediately after the transfer. After a period of time, Randazzo became suspicious and checked the land records on the four lots. Randazzo discovered that the Volls had sold two of the lots and that a mortgage still existed on the other two; however, the Randazzos never received any proceeds from the sale of the lots. Ran-dazzo confronted both Voll and Bridget Voll in Deland at Senez Real Estate, the Volls’ new employer. When Voll informed Randaz-zo that Voll would not pay the Randazzos anything from the sale of the lots, Randazzo threatened to sue. Voll responded by saying “go for it.” Bridget Voll told Randazzo that he would “never collect.”
Contrary to the Volls’ argument on appeal, Charles Randazzo’s testimony was not so inherently incredible that the trial court was required to reject it, nor was the court required to conclude that Voll’s representations were so obviously false that Ran-dazzo was not entitled to rely on them. The trial court was not required to reject Randaz-zo’s testimony or theory of the case and could properly resolve all credibility issues and any discrepancies in the Randazzos’ favor. Randazzo’s theory of the case was that Voll, as a licensed real estate salesperson, owed them a fiduciary duty which he breached by intentionally making misrepresenta *895 tions which induced them to enter into two real estate transactions.
On appeal, Voll concedes that he owed a fiduciary duty to the Randazzos. There was evidence from which the trial court could find that misrepresentations by Voll induced Ran-dazzo to enter into real estate transactions and formed the basis of a cause of action for breach of fiduciary duty. See, e.g., Daniel v. Coastal Bonded Title Co., 539 So.2d 567 (Fla. 5th DCA 1989); see also De Ribeaux v. Del Valle, 531 So.2d 992 (Fla. 3d DCA 1988). Further, there was evidence from which a factfinder could find that, contrary to his representations to the Randazzos, Voll never intended to bring about a closing on the $825,000 contract, or to share any proceeds of the four lots with the Randazzos. Accordingly, we affirm judgment as it pertains to George Voll.
We also hold there was competent substantial evidence from which a factfinder could find that Bridget Voll conspired with Voll to defraud the Randazzos by breach of fiduciary relation. Bridget Voll, a licensed real estate agent, was at the first meeting between Randazzo and Voll, participated in the negotiations, and prepared the documents and read them to Randazzo. At one time she listed her real estate license with G & B Properties, her husband’s real estate company, and the company’s office was located in the Voll’s home. Further, both she and Voll had signatory authority on the G & B checking account. She was president of Florida Acquisitions, Inc., and executed the documents mortgaging and deeding the four lots to other parties. Finally, when Randaz-zo threatened to sue Voll over the transaction involving the four lots, Bridget Voll responded by saying, “you’ll never collect.”
Based on the above evidence the trial court properly entered judgment against Bridget Voll for civil conspiracy. The underlying tort in count two was Voll’s breach of fiduciary duty to the Randazzos by making misrepresentations which induced the Ran-dazzos to convey the four lots to Florida Acquisitions. Although the Randazzos presented no evidence that Bridget Voll made any misrepresentations, the evidence supports the Randazzo’s theory that Bridget Voll had knowledge of, and participated in, Voll’s scheme to deprive the Randazzos of any proceeds from the sale of the lots. See Menendez v. Beech Acceptance Corp., 521 So.2d 178, 180 (Fla. 3d DCA 1988) (plaintiff must present evidence that defendant knew of, and participated in, conspiracy); see also Dozier & Gay Paint Co. v. Dilley, 518 So.2d 946 (Fla. 1st DCA 1988) (noting that gist of action for civil conspiracy is not conspiracy itself, but civil wrong done pursuant to conspiracy which results in damage to plaintiff). Based on the evidence that Bridget Voll told Randazzo that he would “never collect,” as well as the evidence of Bridget Voll’s direct involvement in Florida Acquisitions’ transactions and in her husband’s other real estate transactions, the trial court’s judgment against Bridget on count two is affirmed.
We reverse, however, the portion of paragraph one of the judgment imposing liability on Bridget Voll for count one, because the issue of her liability was not, as found by the trial court, tried by consent. Bridget Voll was not named in count one, and, when questioned by the trial court during trial, the Randazzos’ attorney indicated he was seeking a judgment on count one against Voll and Mumford. He never argued before or during trial that Bridget Voll should be held liable on count one. Because the issue of Bridget Voll’s liability was not tried by consent, either express or implied, the Randaz-zos should not have been allowed to amend their complaint post-trial to add Bridget Voll as a defendant on count one. See MGH Enters, v. Nunnally, 536 So.2d 317 (Fla. 3d DCA 1988). See also Colvin v. McDougall, 62 F.3d 1316 (11th Cir.1995).
Accordingly, the final judgment is affirmed except that portion of paragraph one which imposes liability on Bridget Voll for count one.
AFFIRMED in part, REVERSED in part, REMANDED.
COBB, J., concurs.
GRIFFIN, J., concurs in result only.