PER CURIAM.
Steven Black, the plaintiff below, appeals from a final judgment in favor of the defendant following a bench trial. We affirm.
*582 The plaintiff sued the defendant for civil theft. See § 772.104, Fla. Stat (1995). The trial court ruled that the plaintiffs civil theft claim failed, as he failed to prove with clear and convincing evidence that the defendant acted with criminal intent. At the end of the proceedings, the plaintiff made an ore tenus motion to amend the pleadings to add a claim for fraudulent inducement in conformity with the evidence. The trial court denied the motion and entered final judgment for the defendant. The plaintiff appeals.
The trial court did not abuse its discretion in denying the plaintiffs motion to amend to conform with the evidence. See Fla. R. Civ. P. 1.190(b); Carnival Cruise Lines, Inc. v. Nunez, 646 So.2d 831 (Fla. 3d DCA 1994) (holding that a trial court’s decision to permit or to refuse amendments to pleading to conform to the evidence during trial will ordinarily not be disturbed on appeal in absence of abuse of discretion), review denied 658 So.2d 992; see also Freshwater v. Vetter, 511 So.2d 1114, 1115 (Fla. 2d DCA 1987) (“If evidence is introduced as to facts or issues not presented in the pleadings, the court, in its discretion, may allow amendments to conform to the evidence. However, amending to state a new cause of action should not be allowed over objection.”) (citations omitted). As the plaintiffs amendment would have added an entirely new cause of action to the defendant’s detriment, the trial court properly denied the motion.
AFFIRMED.