953 So.2d 616 (2007)
EL TORO EXTERMINATOR OF FLORIDA, INC., a Florida corporation, Appellant,
v.
Marcos A. CERNADA, Appellee.
No. 3D05-2636.
District Court of Appeal of Florida, Third District.
March 21, 2007.
Denise V. Powers, Coral Gables, for appellant.
Andrew B. Rosenblatt, for appellee.
Before COPE, C.J., and GREEN and LAGOA, JJ.
*617 PER CURIAM.
El Toro Exterminator of Florida, Inc. ["El Toro"], the employer, appeals an adverse final judgment entered in favor of Marcos A. Cernada, its former employee, in an action for unpaid wages, negligent supervision and retaliation under the Florida Private Sector Whistleblower's Act, § 448.102(3), Fla. Stat. (2002). We affirm.
Cernada was employed by El Toro, a pest control company, between April 1998 and May 2002. El Toro is a family-owned company. Before separation from his employer, Cernada served as service operations managerthe company's highest non-family manager. He reported directly to Renato Perezcorporate Vice President and co-owner of El Toro.
El Toro contracted with Miami-Dade County to provide "integrated pest management" on the County's bus fleet. The contract restricted the use of toxic products. Despite the restriction, Cernada and a co-worker testified that Renato Perez and Alex Perez, another El Toro Vice President and co-owner, instructed them to spray County buses with Demon. The use of this pesticide was precluded by the County contract because of its harmful effects on humans and the environment; and El Toro did not secure any permission to use this pesticide. That prohibition notwithstanding, the employees testified that Alex Perez met with them at the County's bus yard to demonstrate how to conceal the use of this pesticide. The employees were also instructed not to wear masks or protective clothing, required for using Demon, in order to avoid alerting the County employees to the use of this chemical.
Cernada complained to Renato Perez of the adverse effects Demon was causing on his skin and requested the protective mask and gloves required by the Demon government label. Perez responded by berating Cernada and ignoring his request. Cernada complained to Renato Perez that the Demon use was illegal. Cernada continued his complaints throughout 2001 and 2002.
As a result of his complaints, Cernada was subjected to racial and ethnic slurs. His work assignments were radically altered and he was given extreme and inconvenient schedules.
Despite being told by El Toro to conceal the use of Demon from the County, Cernada eventually met with the County's Pest Control Manager and revealed the violation. Thereafter, Renato Perez threatened Cernada's life if he revealed anything to the County. Cernada then turned in his uniform and truck and left the company. Cernada was not paid the wages or commissions owed to him through this time.
Cernada sued El Toro unpaid wages, negligent supervision and retaliation under the Florida Private Sector Whistleblower's Act, § 448.102(3), Fla. Stat. (2002). At the conclusion of Cernada's case at trial, El Toro moved for a directed verdict on the Private Sector Whistleblower's Act claim on the grounds that Cernada had not identified specifically the laws that El Toro had violated. Cernada's counsel orally articulated the ordinances and administrative code sections that the company had violated. Additionally, counsel argued that testimony of these violations had been admitted without objection by El Toro. The court denied the directed verdict motion and permitted Cernada to amend his complaint to conform to the evidence presented.
On appeal, El Toro argues that the trial court erred in denying its directed verdict motion. El Toro asserts that it was entitled to a directed verdict because Cernada failed to prove his case as pled. El Toro maintains that the court abused its discretion in allowing Cernada to *618 amend the pleadings to conform to the evidence. We are not persuaded by this argument and find no abuse of discretion in permitting amendment of the pleadings.
"Leave to amend shall be freely given, particularly where the amendment is based upon the same conduct, transaction and occurrence which is the basis of the plaintiff's original pleading." Florida E. Coast Ry. Co. v. Shulman, 481 So.2d 965, 967 (Fla. 3d DCA 1986). In Shulman, we affirmed the trial court's sua sponte approval of an amendment to plaintiff's pleadings following the defendant's directed verdict motion. Moreover, the court should resolve any doubts in favor of amendment. Overnight Success Constr., Inc. v. Pavarini Constr. Co., 31 Fla. L. Weekly D2912, ___ So.2d ___, 2006 WL 3302544 (Fla. 3d DCA Nov. 15, 2006).
There is no question that the conduct and occurrences complained of in the case remained unchanged post-amendment. Additionally, the causes of action that were the gravamen of the complaint were not altered. Although El Toro asserts various technical deficiencies with the original pleadings, none of these are sufficient to defeat the court's proper granting of leave to amend. Despite these technicalities, El Toro was aware of the conduct over which the suit was brought, and the events leading to the litigation. Hence, there is no basis for El Toro to assert that it was in any way prejudiced by the court's allowance of the amendment. Shulman; Pasekoff v. Kaufman, 392 So.2d 971, 976 (Fla. 3d DCA 1981)(abuse of discretion to deny motion to amend where there is no way defendant could have been surprised by amendment). See Kay's Custom Drapes, Inc. v. Garrote, 920 So.2d 1168 (Fla. 3d DCA 2006)(error to deny motion to amend where this precludes plaintiff from presenting claim). Moreover, allowing the amendment was proper because El Toro did not object to the introduction of evidence presented by Cernada on these points. City of Miami v. Ross, 695 So.2d 486, 488 (Fla. 3d DCA 1997); Di Teodoro v. Lazy Dolphin Dev. Co., 418 So.2d 428, 429 (Fla. 3d DCA 1982).
El Toro next asserts that Cernada's retaliation claim under the Florida Private Sector Whistleblower's Act, and his negligent supervision claim must fail because there was no evidence presented that El Toro was afforded an opportunity to remedy the offensive conduct, or any evidence that Cernada complained to the company about the offensive conduct. The record, however, supports a conclusion by the jury that Cernada did complain on various occasions to El Toro about the unlawful conduct. The record also demonstrates that Cernada complained about Renato Perez's offensive conduct to the company's officers. Moreover, the officers are Renato's brother and father. In fact, Renato was, himself, an officer and owner of El Toro. Thus, the jury could have properly concluded that El Toro was well aware of what was transpiring. Contrary to El Toro's assertion, Cernada has not brought a hostile work environment or a harassment claim. Cernada was not required to present evidence required under these other causes of action to prevail in his suit. These evidentiary arguments do not afford any basis for reversing the judgment under review.
We have reviewed the remaining points on appeal and conclude that they lack merit and do not warrant discussion. Accordingly, we affirm the final judgment.
Affirmed.