561 So.2d 321 (1990)
ST. PETERSBURG AUTOMOBILE MUSEUM, INC., H. Thomas Lewis and Scott A. Kjeer, Appellants,
v.
Kevin M. THOMPSON, Realtycorp of Tampa, Inc., and Robert Cristaldi, Appellees.
No. 89-01575.
District Court of Appeal of Florida, Second District.
March 21, 1990.
George P. Kickliter, Tampa, for appellants.
C. Stephen Allen of Mitcham, Weed, Barbas, Allen & Morgan, Tampa, for appellees.
FRANK, Judge.
The determinative question in this matter is whether the trial court erred in refusing *322 to vacate the order granting the appellees' motion for judgment on the pleadings thus foreclosing the appellants, Lewis, Kjeer and SPAM from the filing of an amended answer and otherwise defending the action. We conclude that it did. In reaching our conclusion that the trial court committed reversible error, we need not recount the various elements and events associated with the complex commercial transactions underlying this proceeding.
It is sufficient for our purpose to note that the complaint alleged, inter alia, the breach by Lewis and Kjeer of a "letter of intent" pursuant to which they acquired from the appellee, Robert A. Cristaldi, ownership of the corporate entity known as St. Petersburg Automobile Museum, Inc. (SPAM) and the property, real and personal, owned, occupied by and used in the operation of SPAM. In responding to the complaint, the attorney then representing Lewis, Kjeer and SPAM filed an answer denying that Lewis and Kjeer acquired from Cristaldi the stock or subscriptive rights in SPAM or title to SPAM's property. Based upon that state of the pleadings, the appellees asserted in a motion for judgment on the pleadings that Lewis and Kjeer had no legal or equitable interest in SPAM or the property with the result that the stock or subscriptive rights remained in Cristaldi's ownership, SPAM retained title to the property and the attorney representing Lewis, Kjeer and SPAM had no authority to act on behalf of SPAM. The trial court agreed and entered an order granting the motion for judgment on the pleadings which it refused to vacate upon a subsequent motion filed by Lewis, Kjeer and SPAM.
In seeking to vacate the order Lewis, Kjeer and SPAM contended before the trial court that the answer erroneously contained the denials relied upon in granting the appellees' motion for judgment on the pleadings. The motion for relief from judgment and to vacate the order granting the appellees' motion for judgment on the pleadings was accompanied by the affidavits of Lewis and Kjeer. The motion and the affidavits contain an array of factual contentions which, if proven, would contraindicate the propriety of the order granting appellees' motion for judgment on the pleadings. That order removed Lewis, Kjeer and SPAM from the litigation, barred them from defending the action, and exposed the interests they intended to protect to substantial detriment.
Based upon the record before us and the absence of demonstrated prejudice to the appellees, both here and in the trial court, we are persuaded that it was an abuse of discretion for the trial court not to vacate the order granting appellees' motion for judgment on the pleadings and permitting Lewis, Kjeer and SPAM to file an amended answer, whatever affirmative defenses were available to them and to continue to participate in the litigation. See Imperial Bonita Estates, Inc. v. Minster, 283 So.2d 138 (Fla. 2d DCA 1973).
Accordingly, we reverse, vacate the trial court's order granting the appellees' motion for judgment on the pleadings and remand for further proceedings consistent with this opinion and the Florida Rules of Civil Procedure.
CAMPBELL, C.J., and ALTENBERND, J., concur.