PER CURIAM.
The trial court abused its discretion in failing to permit the defendant to amend its answer to defeat the last minute motion for judgment on the pleadings. The parties were fully prepared to try the issues of uninsured motorist coverage, liability and comparative negligence. Therefore, it is undisputed that the plaintiff would not have been surprised or prejudiced by this amendment. See St. Petersburg Auto. Museum v. Thompson, 561 So.2d 321 (Fla. 2d DCA 1990); Azemco (N. Am.), Inc. v. Brown, 553 So.2d 1245 (Fla. 3d DCA 1989).
The trial court also erred in directing a verdict against the defendant on its seat belt defense. There was sufficient evidence presented to withstand a motion for directed verdict. See Insurance Co. of N. Am. v. Pasakarnis, 451 So.2d 447 (Fla.1984).
Accordingly, we reverse and remand for a new trial consistent with this opinion.