PER CURIAM.
The plaintiff below appeals from a summary judgment entered for the defendant on the court’s own motion at the pre-trial conference. We reverse for trial because (a) the lower court abused its discretion in denying the plaintiffs motion for leave to file a second amended complaint, see Auto-Owners Ins. Co. v. Massani, 627 So.2d 1199 (Fla. 3d DCA 1993), and (b) summary judgment was erroneously entered both because the procedure employed was improper, see Lombard v. Executive Elevator Serv., Inc., 545 So.2d 453 (Fla. 3d DCA 1989), and because genuine issues of material fact remained for disposition by the jury.[1]
Reversed and remanded.

. The appellant also claims error in the denial of its motion to disqualify the defendant's attorney of record. We do not directly pass upon this issue because, at oral argument, the appellee conceded that the named partner of the law firm should and would not participate in any trial. See City of Lauderdale Lakes v. Enterprise Leasing Co., 654 So.2d 645 (Fla. 4th DCA 1995). After remand the trial court should reconsider the issue of whether the entire firm should be disqualified.