SHEPHERD, J.
This is an appeal from the denial of a Motion to Vacate an Agreed Order Autho *681 rizing Payment of Attorney, Accountant and Appraiser Fees and Costs. Appellant contended below by its motions and contends here that the lower court erred by modifying the agreed order to include a release of all claims in favor of appellees when it was presented for signature by one of the appellees at an ex parte hearing attended solely by that appellee. . We agree with the contention made by appellant and reverse the decision below.
Appellant Thomas James was appointed personal representative of his father Edward James’ estate in February 2003. James retained Joy Carr, Esq. as probate counsel. Carr thereafter hired another attorney, Dennis Stone, Esq., and an accountant, Paul Garcia (the appellees). The decedent was an ophthalmologist who had a closely-held business, commercial real estate, leasehold interests, and residential real estate, all of which had to be valued for sale. Within a matter of weeks after being hired, Carr and her associates commenced preparing the asset valuations and negotiating with prospective buyers concerning the closely-held business, and had managed to run up a tab of over $60,000. James informed Carr that he was retaining new counsel.
Carr filed a Petition to Pay Outstanding Attorney, Accountant and Appraiser Fees and Costs, and a Notice of Charging Lien. James responded with a written objection and a threat of litigation for negligence in the administration of the estate.
During the course of litigating the amount of the outstanding professional fees, the parties agreed to have a settlement meeting. David Goldberg, Esq., represented James. Appellees were represented by Enrique Zamora, Esq. and Louis Hillman, Esq. Goldberg and Zamora, who were the chief negotiators for the respective sides, agree that the issue of releases running to appellees Carr, Stone and Garcia were not discussed between them. While appellees were present at the time of the settlement discussions, none of the actual negotiations between Goldberg and Zamora occurred in their presence.[1] This settlement meeting produced a verbal agreement to pay Carr and her associates $47,000 on their $60,000 claim. A written memorialization was drafted and sent thereafter from Goldberg’s co-counsel, Tim Henkel,[2] to Zamora. Zamora signed the letter on behalf of the appellees.
The letter stated in relevant part:
James will consent to entry of an Order by the Probate Court (the form of which shall be approved in advance by Mr. James’ probate counsel) authorizing a total payment of $47,000.00 to The Professionals [i.e. the appellees] collectively, said amount to be divided between them as they deem appropriate, to satisfy any and all claims against the Estate of Tom James.... The Professionals agree to withdraw all claims for any charging lien *682 or payment of monies from the Estate ....
The letter, however, did not contain any language confirming an agreement to release the appellees from any professional liability claims. A proposed “agreed” order reflecting the settlement agreement was then circulated among the parties by their respective counsel. The proposed order also did not contain any release language whatsoever. Attorney Zamora offered to submit the agreed order to the court on the next ex parte calendar day.
However, much to the surprise of James, the order was presented by Carr to the court. The judge inserted by hand the following language: “This releases all of the above attorneys and CPAs from all liability or obligations with regard to the above Estate or the Personal Representative Tom James.” Carr claims to have been mute on the addition.
James subsequently filed a Motion to Vacate the Order on Fees. The Motion to Vacate Order was denied; the judge explained that it was her practice to add commentary to orders when appropriate. This appeal follows.
We find that the lower court abused its discretion in denying the Motion to Vacate the Order on Fees. St. Petersburg Auto. Museum, Inc. v. Thompson, 561 So.2d 321 (Fla. 2d DCA 1990). The parties had agreed on the exact form of the Agreed Order for disbursement of the $47,000 in professional fees. The proposed Agreed Order was silent on the issue of releases. By the trial court’s own account, the court (undoubtedly with the best of motives) added handwritten release language at the end of the order, and signed it. The appellees immediately obtained disbursement of the $47,000 in professional fees.
Thereafter the appellants learned that the trial court had inserted additional (no-nagreed) language regarding releases and promptly objected to it. The appellants pointed out that the parties’ written settlement agreement, signed by the parties’ counsel, did not provide for releases. Since there was a material dispute between the parties over the propriety of adding that language, the trial court should have removed the release language under the circumstances present here. We therefore reverse the order now before us and remand with directions to strike the handwritten release language from the August 13, 2003 order.
The appellees have suggested that the parties’ underlying settlement agreement was supposed to have included a provision for releases and erroneously omitted it. If the appellees have a basis for such a claim, then they are free to seek relief with regard to the underlying settlement agreement. It is crystal clear, however, that the parties’ proposed Agreed Order did not contain release language and, under the circumstances present here, release language should not have been added by the trial court over objection.
Lastly, the appellant contends that the court erred in denying the motion for attorneys’ fees and costs incurred in having to take action to set aside the order. We do not find that the court abused its discretion on this issue at this juncture. § 57.105, Fla. Stat. (2003).
Affirmed in part, reversed in part.

. The discussions occurred at the law offices of Zamora and Hillman. Appellees were there for pre-deposition conferences. Mr. Goldberg was invited to the law offices in an effort to discuss settlement before further expenses were incurred. He declined to negotiate in front of Mr. Zamora’s clients. Attorney Carr later claimed that she "understood” that she and her colleagues were to receive releases from conversations with Mr. Zamora. Attorney Stone and appellee Paul Garcia testified similarly to that of Ms. Carr. No appellee was able to directly contradict the substance ■ of the testimony of Messrs. Goldberg and Zamora inter se.

. Henkel was James' litigation counsel. Goldberg was apparently co-counsel for purposes of settlement negotiation. After the verbal agreement was reached, Goldberg immediately advised Henkel. Henkel's letter was transmitted to Zamora the same day.