997 So.2d 493 (2008)
Elaine PRICE, Appellant,
v.
Mirco CORIC and Gordana Coric, Appellees.
Nos. 2D07-6067, 2D08-2048.
District Court of Appeal of Florida, Second District.
December 19, 2008.
*494 Raymond L. Bass, Jr., of Bass Law Office, Naples, for Appellant.
Bradley D. Bryant of Bryant Law Office, Naples, for Appellees.
ALTENBERND, Judge.
Elaine Price appeals a judgment in favor of Mirco and Gordana Coric, who are the owners of the condominium unit immediately above Ms. Price's unit. Ms. Price sued the Corics to enforce provisions in the relevant declaration of condominium regulating the installation of hardwood and tile flooring. We reverse and remand for further proceedings consistent with this opinion because the trial court allowed the Corics to raise an affirmative defense at trial that had not been pleaded and thereafter relied upon that defense when ruling in the Corics' favor. We have consolidated this case with case number 2D08-2048 on our own motion. The more recent case is an appeal of the attorney's fee award entered against Ms. Price. In light of the reversal in this case, the fee award must also be reversed.
For twenty-eight years, Ms. Price has owned and lived in a unit on the first floor of The Fountains condominium in Collier County, Florida. In 2005, the Corics purchased the unit immediately above Ms. Price's unit. Shortly thereafter, they installed hardwood flooring throughout the unit. Ms. Price claims that the flooring has resulted in a substantial increase in noise from the overhead unit.
The declaration of condominium requires all units above the ground floor to have wall-to-wall carpet installed over high quality padding in all areas except for kitchens, bathrooms, and laundries. If an owner above the first floor wishes to install any hard-surface flooring, the owner must install the flooring over a sound-absorbent underlayment and must obtain written approval of the condominium's board of directors before the installation.[1] If an installation is made without the approval of the board, the board "may, in addition to exercising all the other remedies provided in this Declaration, require the unit owner to cover all such hard-surface flooring with carpeting, or require the removal of such hard-surface flooring at the expense of the offending unit owner."
In July 2006, Ms. Price filed a short complaint seeking injunctive relief to enforce the provisions of the declaration of condominium pursuant to section 718.303(1)(b), Florida Statutes (2006). The Corics filed an equally brief answer claiming that they had "complied with the applicable condominium documents and rules by obtaining consent and/or approval from the Board of Directors...." The condominium *495 association was not joined as a party to these proceedings.
The case was eventually tried without a jury in October 2007. The evidence at trial established that Mr. Coric had discussed the installation of the hardwood flooring with the president of the condominium association and even obtained his assistance in selecting the underlayment at the local home improvement store. He had not, however, complied with the declaration of condominium by obtaining prior written approval from the board of directors. Thus, based upon the issues framed by the pleadings and the evidence presented at trial, the Corics were in violation of the declaration, although the appropriate remedy for that violation was probably unclear.
During opening statements, Mr. Coric's attorney explained that the evidence would show that the board of directors had recently examined the floor and had approved it retroactively without requiring any change in its installation. Ms. Price's attorney immediately objected that no such defense had been raised. The trial court overruled the objection, concluding the evidence could be admitted because the Corics' defense of "consent and/or approval" included not only prior consent pursuant to the declaration but also ratification or approval of the flooring after it had been installed.
Thereafter, the current president of the condominium association testified and explained that the board had met a week before trial. He testified that at the meeting, as a matter of "new business," a member had made a motion to ratify the verbal approval of the Corics' flooring given by the former president. The motion had been seconded and passed unanimously by voice vote. The current president introduced alleged minutes from this meeting, but the meeting had occurred so recently that the minutes had not yet been approved by the board. The documents admitted into evidence included a letter sent to Mr. Coric two days before the trial providing him with notice of the board's retroactive approval. Ms. Price was not copied on the letter; she was not in attendance at the board meeting; and no one suggests that she was given any notice that the board would address the subject of her pending lawsuit at the board meeting.
We have considerable doubt that this evidence proves a sufficient ratification or proper approval of the earlier installation of the flooring. Mr. Coric did not introduce the complete declaration of condominium or any by-laws of the association, and it seems doubtful that a vote without notice to Ms. Price and other affected unit owners would comply with even the limited due process expected within the workings of a condominium association.
We are not required to resolve that issue, however, because the trial court permitted the Corics to present an affirmative defense that was not encompassed within the pleadings. See, e.g., BSP/Port Orange, LLC v. Water Mill Properties, Inc., 969 So.2d 1077, 1078 (Fla. 5th DCA 2007) (holding appellant's failure to plead affirmative defense of modification precluded trial court from considering evidence of oral modification at summary judgment hearing). Ms. Price immediately and vehemently objected to the defense raised at trial and established that she was prejudiced by the presentation of a defense not encompassed within the pleadings. See Ohio Cas. Ins. Co. v. MRK Const., Inc., 602 So.2d 976, 978 (Fla. 2d DCA 1992) ("[L]iberality in granting leave to amend diminishes ... as the case progresses to trial."). Indeed, the factual circumstances offered to support a defense of ratification did not occur until after the pretrial conference *496 and within a week of the trial. The trial court therefore abused its discretion in allowing the presentation at trial of a defense not encompassed within the pleadings.
We reverse the final judgment entered in the Corics' favor. The parties have not discussed in their briefs what further proceedings would be appropriate on remand. In light of statements made during oral argument, we are optimistic that our ruling in this opinion may permit the parties to resolve this dispute without further litigation. If they are unable to do so, the trial court must determine whether additional evidentiary proceedings are appropriate to address the issue of ratification, or whether additional evidentiary proceedings on this issue should be precluded under the circumstances. Even if additional evidentiary hearings are precluded and judgment in favor of Ms. Price is appropriate, the trial court will need to address the proper remedy to be afforded to her.
Reversed and remanded for further proceedings consistent with this opinion.
WHATLEY and SILBERMAN, JJ., Concur.
NOTES
[1] We reject without further comment Ms. Price's argument that the declaration should be interpreted to prevent any installation of hard-surface flooring in areas other than kitchens, bathrooms, and laundries.