DAVIS, Judge.
 

 Dennis L. Flick challenges the trial court’s final judgment ordering specific performance of a contract to sell real property to David and Mary Lou Fields. Although the trial court tried to resolve a very complicated family dispute, we conclude that it erred in granting this relief.
 

 As determined by the trial court after hearing the testimony of the parties, Mr. Flick owned eight and one half acres of land in Pasco County. He resided in a residence on the subject property. Likewise, his niece and her husband, Amy Charlton and Robert Fields, maintained their residence on the property. Robert Fields’ brother and his wife, David and Mary Lou Fields, lived on property located across the street from Mr. Flick’s property. Mr. Flick entered into separate contracts with Amy and Robert and with David and Mary Lou. These contracts obligated Flick to sell a total of two acres of his land to the purchasing couples.
 

 In late 2004, Mr. Flick advised the purchasers of his intention to rescind the contracts. This prompted the purchasers to
 
 *716
 
 file the instant action in December 2004, seeking among other relief specific performance of the two contracts.
 
 [1]
 
 In February 2005, the parties met and reached another agreement by which Mr. Flick would sell the entire two acres to Robert Fields and Amy Charlton. It was understood that after the closing they would divide the land with David and Mary Lou Fields. This agreement resulted in a written contract dated August 15, 2005. This contract does not mention the prior contracts. For reasons that are not important to this appeal, the parties did not close on the new August 15 contract. Mr. Flick then entered yet another contract to sell the two acres. This contract was dated December 11, 2005, and provided for David and Mary Lou Fields to purchase the two acres and then divide the property with Amy Charlton and Robert Fields after the sale. Again, the prior contracts were not mentioned in this final agreement. Regarding this series of agreements, the trial court found that “it seems that everyone involved assumed that when the purchase by someone was consummated this action would be dismissed but they arrived at this assumption without discussing it with their lawyers.” The trial court recited these facts in its final judgment, and neither of the parties contest any of these findings on appeal.
 

 When Mr. Flick failed to close on the December 2005 contract with David and Mary Lou Fields, the litigation of the original complaint reached the trial court. Mr. Flick’s answer included several affirmative defenses, including that of novation whereby he alleged that the original contracts were superceded by the August and December 2005 agreements. The trial court’s final judgment specifically points out that the original complaint sought specific performance of the first two contracts Mr. Flick executed, i.e., the ones selling one acre to each of the purchasers. Further, the trial court noted that although there was not a formal novation by oral or written agreement,
 

 the implication of the circumstances in this action is that all of the parties agreed (if only by assumption) that the contract between Charlton-Fields [Amy and Robert] and the defendant, Dennis Flick, signed on August 15, 2005 (which is plaintiffs’ exhibit number 3)[,] be substituted for both of the original contracts and necessarily that both of the original contracts be canceled. Likewise, the implication is clear that the contract between David and Mary Lou Fields and the defendant signed on December 11, 2005 (which is plaintiffs’ exhibit number 4)[J was agreed by all of the parties to be substituted for the August 15, 2005[,] contract between Charlton-Fields and Flick. Therefore, it appears that there are multiple novations by implication and that the December 11, 2005Q contract between David and Mary Lou Fields and Mr. Flick is ultimately substituted for all of the previous contracts. The plaintiffs have not pled “novation,” but the defendant has[,] and therefore it would be unseemly for him to now object to that legal concept being used to support specific performance for the plaintiffs.
 

 (Citation omitted.) Having made the determination that by novation the contract with David and Mary Lou Fields should be substituted for the original two contracts specified in the count of the complaint seeking specific performance, the trial court proceeded to find for the plaintiffs as
 
 *717
 
 to that count and granted them relief by ordering Mr. Flick to perform the December 11, 2005, contract and sell the property to David and Mary Lou Fields.
 

 On appeal, the parties do not challenge the finding that a novation occurred. However, Mr. Flick challenges the decision by the trial court to sua sponte amend the pleadings by substituting the December 11, 2005, contract for the contracts specified in the complaint and then proceed to grant the requested specific performance on the substituted contract. We agree with Mr. Flick that it was error for the trial court to grant specific performance on that contract without providing him the opportunity to respond to the complaint as amended by the substitution of the contract.
 

 Parties may seek an amendment to their pleadings, and such requests are to be liberally granted.
 
 Ohio Cas. Ins. Co. v. MRK Constr., Inc.,
 
 602 So.2d 976, 978 (Fla. 2d DCA 1992). However, before granting such a request, the trial court should provide an opportunity to the other party to show whether he will be prejudiced by allowing the amendment.
 
 Id.
 
 Here, the plaintiffs never affirmatively sought to amend their pleadings to substitute the December 11, 2005, contract. Rather, after the evidentiary hearing concluded and the trial court took the matter under advisement, the trial court sua sponte made the determination that there was a novation and that the substitution should be implemented.
 

 Arguably, the trial court’s actions in this case may be within the province of the court’s available authority.
 
 See Fla. E. Coast Ry. Co. v. Shulman,
 
 481 So.2d 965 (Fla. 3d DCA 1986) (affirming a judgment entered after a trial court sua sponte allowed a party to amend a complaint). However, we need not make that determination. By making the substitution in the final judgment without notice to the parties and after the evidentiary hearing was closed, the trial court deprived Mr. Flick of an opportunity to show how the substitution of the contracts prejudiced him or to amend his responsive pleadings to comport with the amended complaint.
 
 See id.
 
 at 967 (“[Ajmendments to pleadings ... should be freely granted by the trial court unless by doing so, the opposing party will be prejudiced in maintaining his action or defense upon the merits.” (citing Fla. R. Civ. P. 1.190(a), (b)));
 
 see also Ohio Cas.,
 
 602 So.2d at 978 (“[T]he trial court abused its discretion in allowing [plaintiff] to amend its complaint during the middle of the trial. By so ruling, the trial court essentially eliminated one of [the] defenses and then did not give [the defense] an opportunity to prepare a defense to the amended complaint.”).
 

 Even though he does not contest the finding of a novation, such a finding in favor of Mr. Flick’s affirmative defense would, without more, simply defeat the complaint as to the requested relief on the original contracts. However, the substitution of the December 11, 2005, contract into the count of the complaint seeking specific performance completely changed the cause of action. That is, the factual circumstances that would have supported specific performance based on the failure to close on the original contracts in 2004 are different from the circumstances that must be shown to support specific performance of the December 11, 2005, contract. Although testimony and evidence may have been presented at the evidentia-ry hearing that related to the relationship between the parties at the time they entered into the 2005 contract, Mr. Flick was not on notice that he was in fact defending a claim of specific performance of the 2005 contract at the time of the hearing. Had the request to substitute the contract been
 
 *718
 
 made at the hearing, he may have sought to amend his answer and/or affirmative defenses or he may have had further evidence to present in defending the amended claim. Since Mr. Flick was denied the opportunity to make a showing that prejudice would result from the substitution, or otherwise defend against the amended claim, the trial court erred, not in finding a novation, but rather by its methods in amending the pleadings.
 
 [2]
 

 Accordingly, we reverse and remand for further proceedings consistent with this opinion. We note that on remand, after properly establishing the scope of the pleadings and any available remedies or amendments thereon, the trial court will necessarily have to reconsider Mr. Flick’s counterclaims for unpaid rent as stipulated by the parties.
 

 Reversed and remanded.
 

 KELLY and CRENSHAW, JJ., Concur.
 

 [1]
 

 . In addition to specific performance, the complaint sought monetary damages for costs incurred after the execution of the contracts related to the property and declaratory relief as to their rights under the contracts.
 

 [2]
 

 . We make no determination regarding whether the facts under the novation would allow for specific performance under a properly amended pleading or whether Mr. Flick could amend his defenses or answer to counter such a remedy.